Houston & Texas Central R'y Co. v. Jerry O'Hare.

(Case No. 1916.)

1. NEGLIGENCE — DEFECTIVE MACHINERY. — A party sued a railroad company for damages, the sole ground being that he was injured by the company in using a defective engine. *Held:*

(1) In a case in which the negligence of an agent or officer was the negligence of the principal, as in the case of those agents of a railroad who selected its machinery and superintended its repair, and gave an action to an employee for an injury resulting therefrom, it was not error to instruct the jury that the railroad company had no means of acting except through its agents, and that the act or negligence of an agent was the act of the company itself.

(2) If the issue had been as to the manner in which an agent used a thing *not* defective, the charge would have been incorrect.

(3) It is the duty of a railroad company to furnish, maintain and keep in good repair engines and other machinery reasonably suitable and safe for the transaction of its business, and to use a degree of care proportioned to the degree of hazard or danger which might reasonably be anticipated as consequent upon its negligence in selecting and repairing its machinery.

(4) A railroad company is not liable to its employee for injuries received by him while running a defective engine to the machine shop for repair, if he knew of the defect which made repair necessary. When the employee is not chargeable with the knowledge of such defect, the question of negligence in the use of the defective engine is to be decided by the jury.

(5) The rule that the master must exercise proper care in furnishing safe machinery, etc., to perform the service in which the employee is engaged, extends to all classes of business — as well to the removal of a disabled engine from the roadway to a place for repair, as to the operations of the trains on the road. The same rules apply to employees, as in other cases, in reference to the degree of care incumbent on them.

2. ARGUMENT. — When language not proper in argument is used, there must be reason to believe that it probably influenced the verdict in order to authorize a reversal.

APPEAL from Navarro.   Tried below before the Hon. L. D. Bradley.

Jerry O'Hare, the appellee, was an employee at the round house of the Houston & Texas Central Railway Company in Corsicana. His duties were to wipe engines, carry coal and sand, etc., from the

round house to the machine-shop, and to do anything and every-thing necessary to be done around and about the round house, in-cluding the coupling of cars, when called on by the foreman. On the 18th September, 1874, a freight engine, No. 63, was brought to the round house for the purpose of turning it on the turn-table and sending it back south to the shops of the company at Houston, to be repaired, one of the eccentrics being broken. When the engine was brought in, P. H. Cullen, the foreman at the round house, took charge of it, turned it on the table, and, preparatory to placing it on the main track for the purpose of sending it to Houston, was switching and coupling cars, when O'Hare, who was called on by the foreman to make a coupling, received an injury, of which he complains in this suit. He filed his original petition on the 5th February, 1875. A trial was had at the November term, 1875, re-sulting in a verdict and judgment in his favor, from which the de-fendants appealed to the supreme court. At the Austin term, 1882, the cause was reversed and remanded.

Another trial in the district court was had at the June term, 1885, resulting in a verdict and judgment in favor of plaintiff for $1,566.66.

*Frost, Barry & Lee,* for appellant.

*Croft & Blanding,* for appellee, cited: Shear. & Red. on Neg., secs. 89, 90; sec. 102, and cases cited in notes 5 and 6; Laning *v.* N. Y. Cent. R. Co., 49 N. Y., 521; Tex. L. Rev., June 2, 1885, p. 325; Mo. Pac. R. R. *v.* Watts, Tex. L. Rev., October 20, 1885, p. 647; Lalor *v.* Chicago, B. & Q. R. R. Co., 4 Am. Rep., 616; Bax-ter *v.* Roberts, 13 Am. Rep., 160; Perry *v.* Marsh, 25 Ala., 659, and other cases cited in point in notes to Baxter *v.* Roberts, 13 Am. Rep., 160; Shear. & Red. on Neg., secs. 92, 93, and cases cited; Chicago & N. W. R. R. *v.* Jackson, 8 Am. Rep., 661; Brothers *v.* Carter, 14 Am. Rep., 624; Fort *v.* Union P. R'y Co., 17 Wall., 553.

STAYTON, ASSOCIATE JUSTICE.— The sole ground on which the plaintiff sought relief was, that he was injured by the negligence of the railway company in using a crippled engine.

The charge clearly informed the jury what the issue to be tried was, and, to enable the jury properly to determine whether negli-gence on the part of the defendant existed, gave the charge which is complained of in the fourth assignment.

The assignment is:

" The court erred in the fourth paragraph of the charge, instruct-

ing the jury that the defendant company has no means of acting except through its agents or officers, and that the act or negligence of an agent or officer is the act or negligence of the company itself; because there was no such issue in the cause, and the charge under the facts of this case was calculated to impress the jury that the engineer in charge of the engine was an officer of the company as to the plaintiff, and that for any injury to the plaintiff through his (the engineer's) negligence, the defendant would be liable."

To determine whether a charge be correct it is necessary to look to the case made by the pleadings and evidence. If a case be made in which the negligence of an agent or officer is the negligence of the principal, which will give an action to an employee for an injury resulting therefrom, then it is proper that a charge should so inform the jury.

It is well settled that it is the duty of a railway company to use great care in furnishing to its employees safe machinery to be used in the prosecution of its business, and that the persons to whom this duty is confided by the company must be regarded as its representatives for this purpose, for whose negligence, in this respect, if injury results therefrom, the company will be liable, even to an employee who is free from contributory negligence.

The negligence alleged in this case consisting in the use of a defective engine, and in the connection in which it was used, the court did not err in instructing the jury that "the defendant, as a railroad company, has no means of acting except through its agents; and the act or negligence of an agent or officer of the company is, in law, the act or negligence of the company itself."

If the issue had not been as to the negligent use of a defective thing, but had been as to the manner in which the agent used a thing not defective, then the charge would have been incorrect in a case in which an employee was suing for an injury caused by the negligent act of a co-employee.

The court very clearly instructed the jury as to the degree of care incumbent on a railway company in reference to furnishing and maintaining suitable machinery for the safe conduct of its business; but it is claimed that the court erred in giving in this connection parts of the charge which are detached from the residue and copied into the fifth assignment of error, which is:

"The court erred in the fourth paragraph of the charge, in instructing the jury as follows: 'It is the duty of the company to furnish, maintain and keep in good repair engines and other machinery and equipments reasonably suitable and safe for the transaction

of their business. . . . If the defendant used such care and diligence in furnishing and keeping in good and safe repair the engine which plaintiff was trying to couple at the time of the alleged injury, *it would not have been guilty* of such negligence as would make it liable for damages for the injuries to plaintiff as its employee.'"

The grounds on which it is claimed that the charges were erroneous are thus stated in the brief of counsel:

"1st. Because it makes the defendant an insurer of the condition of its machinery.

"2d. Because not applicable to the facts of the case, the testimony showing that the purpose for which the engine was being moved was to put it in good repair.

"3d. Because it is a charge on the weight of the evidence, and clearly intimates to the jury that the defendant had been guilty of negligence in not keeping its engine in good repair, and was liable to plaintiff therefor."

The charge carefully informed the jury that the defendant would not be liable if it had used the proper degree of care — "a degree of care . . . proportioned to the degree of hazard or danger which might reasonably be anticipated as consequent upon its neglect;" and under such a charge it surely cannot be contended that the charge made the defendant an insurer of the safe condition of its machinery.

The engine was proved to have been badly crippled; and, under the charge given, the jury must have found that the plaintiff was not chargeable with knowledge of its defects.

That a railway company would not be liable to an employee engaged in running an engine for repair to such place as might be necessary, if the employee knew of the defects which made repair necessary, is certainly true; for in such case the employee would be held to have assumed the ordinary risks resulting from such defects; but when the employee is not chargeable with knowledge of such defect, the question of negligence or no, in the use of the defective engine, is one to be determined by the jury as in other cases.

We think the charge not subject to the imputation that it was a charge upon the weight of evidence.

The sixth assignment has been in effect already considered, as has been the eleventh.

The rule that the master must exercise proper care to furnish safe machinery and appliances to perform the service in which the employee is engaged, extends to all classes of business — to the removal

of a disabled engine from the roadway to a place for repair, as to the operation of trains on the road — the degree of care required varying as the thing to be done be more or less hazardous; for the one, as the other, is the master's business, in reference to which he cannot be with impunity negligent.

On the other hand, in this class of cases the same rules apply to employees as in other cases in reference to the degree of care incumbent on them.

The verdict in this case does not appear to be excessive, if the plaintiff was entitled to recover at all, and while there is some conflict in the evidence, we cannot say that the facts necessary to maintain the plaintiff's action were not established by a preponderance of the evidence.

The verdict itself evidences the fact that the jury closely considered their finding. When there is no reason to believe that the jury were influenced by the use of language which could not legitimately be used in argument, a judgment will not .be reversed simply because such a course was pursued. There must be reason to believe that it probably influenced the verdict to authorize a reversal on such ground.

We find no error requiring a reversal in this case, and it is affirmed.

AFFIRMED.

[Opinion delivered November 10, 1885.]