The St. Louis & San Francisco Railway Company v.
Chesley McClain.

No. 6757.

1.  **Charge Approved.**—See charge approved as submitting in a lucid manner the
law applicable to the issues in an action for damages brought by a brakeman injured
in a railway wreck, the defenses urged being contributory negligence and that the
wreck was caused by negligence of a fellow servant.

2.  **Practice in Supreme Court—Assignments not Copied in Brief.**—An as-
signment of error not copied into the brief is considered abandoned, regardless of the
reason given for not so copying it.

3.  **Assignment of Error.**—An assignment that the court erred in refusing special
instructions asked, referring to a mass of instructions presented and refused, some of

which had been given in the general charge, is too indefinite under the rules and will not be considered.

4. **Care and Negligence.**—In an action against a railway company for damages for personal injuries caused by alleged negligence by the defendant the questions of care and its degree on part of the defendant, and of negligence or not on part of the plaintiff, are for the jury; and where there is a conflict of testimony the verdict will not be disturbed.

5. **Defective Machinery — Master and Servant.**—There is a material distinction between knowledge of a defect in defective machinery furnished to an employe and knowledge on his part of the danger of using or continuing to use such machinery until the danger is reasonably apparent. The master is not absolved from liability by the mere fact that the servant used the machinery in its defective condition, for whether the servant used ordinary care under the circumstances was for the jury.

6. **Contributory Negligence.—Charge.**—A charge approved " that if the wreck (in which plaintiff was injured) was produced solely by the defective and cracked wheel, in other words that it would not have occurred but for this defect, and that plaintiff was ignorant thereof, then the fact that he did not abandon the engine upon discovering the defect in the brake (if he did discover it), would not amount to contributory negligence sufficient to preclude a recovery by the plaintiff, though the defective brake may have contributed to the injury; while on the other hand if the latter defect in the machinery was the sole or efficient cause of the derailment without which it would not have happened, and plaintiff was cognizant of such defect in the brake, then he could not recover, notwithstanding his ignorance of the defect in the wheel, and which may have assisted in producing the catastrophe."

7. **Contributory Negligence.** — To preclude a recovery for personal injuries the contributory negligence relied on must be the proximate cause of the injury, by which is meant the efficient cause without which the injury would not have occurred.

8. **Master and Servant—Care by Servant.**—The law only exacts of the servant the exercise of ordinary or reasonable care and discretion, according to the circumstances, to prevent harm to himself.

9. **Same—Fellow Servant.**—A distinction is to be noted between negligence in furnishing unfit or defective machinery to the servant and the careless or improper manner in which machinery not defective is used by a fellow servant. In the first instance the negligence is that of the master for which he is responsible, and in the second that of the fellow servant for which the master would not be liable to another employe.

10. **Same.**—Where the master is shown to be guilty of culpable negligence toward an employe he can not escape liability for his negligence in producing the injury by showing that another servant is also a joint tort-feasor with him, or is guilty of negligence that assisted the master in injuring his fellow servant.

11. **Duty of Master — Charge.**— The trial court properly charged that "it was the duty of the master to furnish reasonably safe and suitable machinery   *   *   * proportionate to the hazard or danger that might be reasonably anticipated." The several paragraphs in the instructions to the jury upon one issue should be construed together, not in detached parts or fragments.

12. **Fellow Servant.** — The rules of decision adopted by courts touching fellow servants criticised. They should not be extended or enlarged.

13. **Verdict—Damages.**—See facts in which a verdict for $10,000 is not excessive for personal injuries inflicted in a railroad wreck.

14. **Practice.**—In answer the defendant specifically set out acts of plaintiff charged as negligent and contributory to the wreck. On the trial defendant offered testimony to other acts relied upon as showing negligence on part of plaintiff. It was properly excluded as not pleaded.

APPEAL from Lamar.   Tried below before Hon. E. D. McLennan.

The statement of this case by the trial judge in his charge is here, given.

"This suit is brought by Chesley McClain against the railway company to recover $15,000 actual damages which plaintiff alleges he has sustained by reason of personal injuries received by him while in the employment of defendant as fireman on one of defendant's engines. These injuries plaintiff alleges were caused by defendant's negligence or want of proper care in this: That the defendant furnished the plaintiff with an engine which had a defective wheel and a defective and insufficient brake which defendant knew, or by use of reasonable and proper care might have known, and which plaintiff did not know were defective and insufficient; that by reason of such defects and insufficiency the engine upon which he was at work as fireman was derailed, thus injuring plaintiff.

"The defendant denies all of plaintiff's allegations, and for special defenses says that if plaintiff was injured that such injuries were caused or directly contributed to by the negligence of plaintiff and his co-employe and fellow servant, the engineer of said engine, in this, that if there was such defective and insufficient brake as claimed by plaintiff, that the plaintiff knew it before the accident in time to have prevented or avoided it, and that said accident was caused by plaintiff and said engineer running said engine down a steep grade at an extraordinarily high rate of speed without using due care and without properly using the brake and reverse lever of said engine to control the same. Defendant further says that if the defects in the wheel and brake as alleged by plaintiff existed they were unknown to defendant and not discovered or discoverable by it by the use of all ordinary and reasonable tests or by human foresight and diligence; and that plaintiff's injuries if any were the result purely of accident and were within the risks assumed by plaintiff when he entered defendant's service as fireman."

There was a trial by jury. The charge of the court upon plaintiff's case, and which is complained of, is as follows:

"It is the duty of a railway company to furnish to its servants and employes reasonably safe and suitable machinery and appliances for the work they are employed to do, and to keep the same in reasonably safe and good repair for the transaction of its business, and in doing so to use a degree of care proportioned to the hazard or danger which might reasonably be anticipated as consequent upon its negligence in selecting or repairing the same. The railway company is not bound to furnish absolutely safe machinery and appliances or to keep them absolutely safe, but it is required to use reasonable diligence to provide reasonably safe machinery, and after having done so to keep the same in reasonably safe condition as above prescribed; and if the company fails

in either of these respects and injury is occasioned thereby to one of the employes then the company is guilty of negligence.

"If you believe from the evidence that plaintiff while in the employ of defendant as a fireman was sent out by defendant on one of its engines on a trip from Springfield, Mo., on its railway, and while on such trip said engine left the track and thereby caused plaintiff to be injured; and if you further believe from the evidence that said engine when sent out on said trip was furnished with a defective wheel and defective or insufficient brake, or either such defective wheel or defective or insufficient brake such as to render the running of the engine therewith over said railway unsafe, and that either such defective wheel or defective or insufficient brake or all combined was or were the proximate cause of the engine so leaving the track; and if you further believe from the evidence that defendant at the time said engine was sent out knew or by the use of reasonable or proper care could have discovered the particular defects or insufficiency which you find to have been the direct cause of the derailment, then you will find for the plaintiff, unless you find for the defendant under instructions hereafter given." * * *

The jury returned a verdict for $10,000 actual damages, upon which judgment was entered. The defendant appealed. The opinion sufficiently states additional matters discussed in it.

*Hale & Hale*, for appellant.—1. The charge of the court in the first paragraph of its charge, in which the jury are instructed in substance and meaning that if defendant furnished plaintiff with a defective wheel and an insufficient brake, or either or all of such defects combined was or were the proximate cause of the injury, and that defendant knew or ought to have known of such defect or insufficiency, the plaintiff would be entitled to recovery, and in the same connection charged the jury that such defects or insufficiency "which you find to have been the direct cause of the derailment of the engine," to find for the plaintiff. This charge is erroneous, in conflict with itself, is incomprehensible, assumes that the jury had found what particular defect was the direct cause of the derailment (not injury), and was calculated to confuse and mislead the jury. Insurance Co. v. Boon, 95 U. S. Rep., 130; Pierce on Railways, 315, 321, 322; Railway v. Bradford, 66 Texas, 732; Gilbert v. Gaild (Mass.), 12 N. E. Rep., 268.

2. Willful negligence on the part of a railway employe, with a knowledge of the danger to which it exposes him, which proximately contributes to the injury will as a matter of law preclude a recovery in the absence of subsequent knowledge of danger on the part of the company and the means to prevent it. Railway v. Drew, 59 Texas, 10; Beach on Con. Neg., sec. 18; 2 Thomp. on Neg., 1157; Mechem's Agency, sec. 660; Railway v. Cadow, 120 Pa. St., 572; Button v. Railway, 18 N. Y., 248; Henry v. Railway, 76 Mo., 288; Selfeld v. Railway, 35 N. W. Rep.,

278; Railway v. Pinchin, 13 N. E. Rep., 677; Furnace Co. v. Abend, 710 Ill., 44; Eureka Co. v. Bass, 81 Ala., 200; Railway v. Linch, 90 Ill., 334; Railway v. Troesch, 68 Ill., 545.

3. Willful contributory negligence of an engineer on a locomotive which proximately causes and produces a personal injury to the fireman on the same engine is attributable to the fireman himself and precludes a recovery by the latter, and such injury so produced is one of the risks incident to the employment and such as was assumed by the fireman when he voluntarily entered the service. Railway v. Somers, 71 Texas, 700; Lilley v. Fletcher (Ala.), 1 Southern Rep., 85; Robinson v. Railway, 46 Texas, 540–550; Price v. Nav. Co., 46 Texas, 535; Dallas v. Railway, 61 Texas, 196; Railway v. Faber, 63 Texas, 344; Railway v. Harrington, 62 Texas, 597; Railway v. Welch, 72 Texas, 298; Railway v. Tankersley, 63 Texas, 59; Railway v. Myers, 55 Texas, 113; Henry v. Railway, 8 Am. and Eng. Ry. Cases, 110; Wood's Mast. and Serv., sec. 414; McAndrews v. Burns, 39 N. J., 117; Bull v. Railway, 67 Ala., 206.

4. Railway companies are not insurers of the soundness of their machinery or of the safety of their employes, and appellee knew of the defective condition of the air brake, which fact precludes his recovery. "The Flowergate," 31 Fed. Rep., 762; Railway v. Delahunty, 53 Texas, 211, 212; Cool. on Torts, 557; 3 Wood's Railway Law, secs. 376, 370; Wood's Mast. and Serv., secs. 359, 348, 344, 368, 382, 393, 410; Patt. Ry. Acc., secs. 316, 372; Greenl. on Ev., sec. 85.

*Dudley & Moore* and *Park & Ownby,* for appellee.—1. It is the duty of the master to furnish the servant with machinery and implements reasonably safe and suitable to perform the work which the servant is required to do, and to maintain and keep the same in reasonably good and safe repair. The degree of care with which this should be done should be proportioned to the amount of hazard which may reasonably be anticipated as consequent upon its neglect, considering the work to be performed. Where the petition alleges and the proof shows that the machinery furnished the servant by the master was defective or insufficient in two respects, and that such defects were known or could have been known by the master by the use of ordinary care and prudence, and were unknown to the servant, and the servant sustains injuries by reason of both of the defects combined, or by reason of either of such defects, he is entitled to recover, unless the master alleges and proves that the servant's own negligence contributed to his injuries. Railway v. Redeker, 67 Texas, 181; Railway v. O'Hare, 64 Texas, 600; Railway v. Scott, 64 Texas, 549; Railway v. Dunham, 49 Texas, 181; Railway v. Doyle, 49 Texas, 191; Railway v. Sweet, 45 Ill., 197; Railway v. Holt, 29 Kans., 149; Railway v. Kirk, 62 Texas, 227.

2. Where contributory negligence is relied on as a defense to an action for personal injuries the burden is upon the defendant to allege and prove to the satisfaction of the jury such contributory negligence. Brown v. Sullivan, 71 Texas, 470; Railway v. Redeker, 67 Texas, 181; Railway v. Spicker, 61 Texas, 427; Railway v. Murphy, 46 Texas, 356.

3. Whether the plaintiff in this case (the appellee) was guilty of contributory negligence or not was a question of fact; it was strictly within the province of the jury to determine it under all the evidence in the case and in the light of the surrounding circumstances; and the charge of the court of which the appellant complains is more favorable to appellant than is warranted by the law. The appellee alone, not the appellant, might complain of the charge. Brown v. Sullivan, 71 Texas, 470; Railway v. Murphy, 46 Texas, 356; Railway v. Gorbett, 49 Texas, 573; 2 Thomp. on Neg., 1235, 1239, 1250.

4. The appellee never having seen the engine before the day on which he was injured, and having no notice of the cracked wheel or insufficient brake at the time he went to work on the engine or started out on the trip from Springfield, Mo., to come to Chester, Ark., the mere remark of the engineer addressed to the brakeman (not to appellee) as they were running along that night, to the effect that the air brake did not seem to hold the engine, was not notice to appellee of such defective machinery as would require him, acting as a prudent man, to quit the engine; and if it were, and the proximate cause of the injury to appellee, without which it would not have happened, was the broken or cracked wheel negligently furnished by appellant, and of which appellee knew nothing; it would be of no moment and no defense that he knew of a defective or insufficient brake which did not proximately contribute to the injury; these were questions of fact for the jury. Railway v. Ormond, 64 Texas, 485; Railway v. James, 73 Texas, 12.

On the question as to what would be notice of defects in machinery and when the defects are such as to require the servant, acting as a prudent man, to abandon their use: Railway v. Sommers, 78 Texas, 439; Patterson v. Railway, 76 Pa. St., 393, 394; Causey v. Vulcan Iron Works, 62 Mo., 35; Stoddard v. Railway, 65 Mo., 514; Smith v. Railway, 61 Mo., 591; Keegan v. Kavanaugh, 62 Mo., 230, 232; Le Clain v. Railway, 20 Minn., 6, 19.

5. Where the engineer and fireman have notice of any defects in the engine or machinery when they start out upon a trip, but discover the defect while running along, it is not negligence *per se* (if indeed negligence at all) to continue the run with such engine; at most it would be a question of fact for the jury. An employe thus continuing the use of the engine would in no event be required to do more than a prudent man would have done under like circumstances and in the same situation. The appellee might have reason to complain of the charge

of the court on this point, but the appellant can not complain.   Watson v. Railway, 58 Texas, 434; Railway v. Kindred, 57 Texas, 491; see also Railway v. Ormond, *supra.*

6.  If the injuries to appellee were proximately caused by the cracked or broken truck wheel and the defective or insufficient brake, or either, or both combined, negligently furnished by appellant, and appellee was not himself guilty of negligence, then the appellant can not escape liability, and it would be no defense, even though the testimony showed the negligence of appellee's fellow servants, the engineer and brakeman, contributed to his injury.   Railway v. Scott, on motion for rehearing, 64 Texas, 552; Railway v. Kirk, 62 Texas, 227; Railway v. Swett, 45 Ill., 197; Railway v. Holt, 29 Kansas, 150; Paulmier v. Railway, 34 N. J. Law, 151; Crutchfield v. Railway, 76 N. C., 320; Booth v. Railway, 73 N. Y., 38; Cayser v. Taylor, 10 Gray, 274; Patterson's Railway Accident Law, page 337, and authorities cited in note 1.

7.  The charge must be taken as a whole in determining whether or not it is erroneous, and must be construed in the light of the issues made by the pleading and evidence.   The appellee had never seen the engine until about 11 o'clock the day on which he was injured, and knew nothing of its condition.   The charge is a clear statement of the law applicable to the facts in this case.   Rost v. Railway, 76 Texas, 168; Railway v. Wright, 62 Texas, 515; Railway v. Suggs, 62 Texas, 323; Railway v. Silliphant, 70 Texas, 623; Railway v. McNamara, 59 Texas, 256; Freiburg v. Johnson, 71 Texas, 558; Railway v. Smith, 65 Texas, 167; Busby v. Railway, 107 N. Y., 374; 1 Am. S. R., 844; Railway v. Stuart, 57 Texas, 166; 63 Texas, 333; Rule 26 of the Supreme Court; Railway v. Redeker, 67 Texas, 189; Railway v. James, 73 Texas, 13.

8.  Where there is evidence to support the verdict, or where the evidence is conflicting, it is within the peculiar province of the jury to pass upon it, and their verdict will not be disturbed.   Railway v. Ormond, 64 Texas, 485; Railway v. Davidson, 68 Texas, 370; Railway v. Smith, 65 Texas, 167; Railway v. Silliphant, 70 Texas, 623; Wills Point Bank v. Bates, 72 Texas, 137; Railway v. Kindred, 57 Texas, 491.

9.  To warrant this court to set aside the verdict on the ground that it is excessive, the damages must appear to be so clearly excessive as to manifest that the jury were actuated by prejudice or passion in assessing the same.   Railway v. Randall, 50 Texas, 256; Railway v. Jones, 75 Texas, 151; Railway v. Dorsey, 66 Texas, 148; Railway v. Garcia, 62 Texas, 285; Railway v. Johnson, 76 Texas, that part of opinion commencing at bottom of page 436; Railway v. O'Donnell, 58 Texas, 42; City of Galveston v. Posnainsky, 62 Texas, 135; Railway v. Hardin, 62 Texas, 367; Railway v. Silliphant, *supra;* Brown v. Sullivan, *supra;* Railway v. Brett, 61 Texas, 484; Railway v. Young, 19 Kan., 493.

MARR, JUDGE.—Action for personal injuries. Verdict for $10,000 actual damages. The first assignment of error we do not think is well taken. It challenges the correctness of the first paragraph of the charge of the court below. We think that the next statement of what that portion of the charge contains is a complete refutation of the criticism, or rather hypercriticism, pronounced upon it, for it really does not announce the rules of law in a confused way or charge on the weight of evidence as contended by the appellant. We have given in the synopsis accompanying this opinion this portion of the charge in full, and do not therefore deem it necessary to make any further comment on the point here involved. We may remark that the entire charge of the District Court considered as a whole, as it should be, is in our opinion an able and lucid presentation of the law applicable to the facts and issues of the case.

The fifth assignment of error is practically abandoned by the appellant, as it is not copied in the brief. The appellant does not appear to insist on it except as to such portions thereof as are embraced in the third and fourth assignments.

The sixth assignment is clearly waived and abandoned by its very terms, to-wit: "The ruling of the court in refusing to give the special instructions asked by defendant's counsel, and to which the court is respectfully referred because too lengthy to copy in this assignment." (Citing pages of transcript.) There is in effect no further statement of what these charges contain in the statement as made in the brief of appellant. These instructions in the record are divided into three parts, but all of them were requested together and occupy several pages of the transcript. Each of the parts embody distinct propositions of law, many of which we find to have been given by the court below in its general charge—perhaps all of them that were applicable and proper. The assignment is too indefinite under the rules and numerous decisions. No particular error is designated. We are not informed by this assignment of the contents of the charges or of the very propositions or principles of law that appellant contends ought to have been submitted to the jury. Clearly all of the charges ought not under the circumstances to have been given. If they are "too lengthy to be copied in this assignment," or at least to be summarized therein by the appellant, it would seem that they are "too lengthy" for consideration and discussion by this court under the rules of the Supreme Court. Appellee objects to the consideration of this assignment on account of its uncertainty, and we do not think that we would be authorized to consider the same. Railway v. Able, 72 Texas, 153; Railway v. Johnston, 15 S. W. Rep., 105; Railway v. Redeker, 67 Texas, 181; Rules S. C., 24, 26, 31.

The seventh assignment of error, which assails the verdict of the jury as being contrary to the evidence "because the record shows the highest degree of care on the part of the defendant and gross negligence and

knowledge of the defective condition of the *brake* on part of the plaintiff and his fellow servants,'' can not be successfully maintained in the light of the evidence in the record. In the synopsis we have given a full summary of the testimony on these points, and it will be found that the evidence was conflicting, and if there is a preponderance it is in favor of the plaintiff. The issues were clearly and fairly submitted to the jury, and their decision is, under the circumstances, final and conclusive. The plaintiff sought a recovery on account of the defective condition of the wheel as well as that of the brake of the engine. There were but three persons on the engine at the time of the wreck — the plaintiff, who was the fireman, Engineer Collins, and a brakeman. The latter two were killed and plaintiff seriously injured in consequence of the derailment of the engine. The evidence shows that when they started down the grade (which was between one hundred and twenty and one hundred and thirty feet to the mile) at Boston Mountain, on which grade the engine was derailed — the grade being about six miles long — they were running at only three or four miles an hour — not faster than a man can walk. That then the engine began to rush down the hill, despite all the efforts of the engineer with the brake, until the flange of the wheel (partly broken before) flew off and derailed the engine. There is no evidence, or at least very slight testimony, that any of the parties knew of the cracked and defective condition of the flange of the wheel — none that plaintiff knew it prior to the wrecking of the engine. Plaintiff and the engineer had never been over this part of the road but once before, and then on a dark night. Defendant admits that this defect was latent and even contends that it would not have been disclosed by any known tests in the examination of the machinery.

There is proof from which it may be inferred that the engineer and brakeman, at least after they started on the journey, knew of the defect in the brake, but there is none that plaintiff was aware of this fact until after the greater part of the trip had been made, and even then the evidence conflicts and is not conclusive that the appellee's attention was in fact called to or that he discovered the defect in the brake. There is, however, a material distinction between knowledge of a defect in defective machinery furnished to an employe and knowledge upon his part of the danger of using or continuing to use such machinery until the danger is reasonably apparent. Even where the defect in the machinery is obvious, but the servant is not shown to have been wanting in the due and proper care exacted of him under the circumstances by the law, from the fact that he continued to use the defective machinery with knowledge of the defect, then the master is not absolved from liability by the mere fact that the servant used the machinery in its defective condition, for whether the servant used ordinary care under the circumstances was for the jury to decide. Es-

pecially do we think this would be the case where, as in the present instance, the servant was only the fireman, not required to use the brake or to inspect the machinery, and had never seen the engine before the day on which the injury occurred and was not warned of the danger of its use, and when in all reasonable probability the jury must have found that the defect in the flange of the wheel was the sole proximate cause of the wreck. Wood's Mast. and Serv., sec. 359. Other ideas suggested by this view of the subject will be sufficiently noticed under the remaining assignments.

The second assignment of error questions the correctness of the second paragraph of the charge of the court below. The appellant contends, as we understand its position as manifested in the proposition under this assignment, that this portion of the charge of the District Court virtually deprived the defendant of the defense of "willful contributory negligence" on part of the plaintiff. The proposition, so far as need be copied, is that "willful negligence on the part of a railroad employe, with a *knowledge of the danger to which it exposes him* [italics ours], which *proximately contributes* to the injury, will as a *matter of law* [italics here by appellant] preclude a recovery," etc. Here is what the court did in fact charge and in this connection, viz.:

"If you find that the engine was derailed and the plaintiff injured by reason of defective appliances negligently furnished by defendant under the instructions hereinbefore given you, but you further find from the evidence that the plaintiff knew of such defects or insufficiency in time to have remedied it or quit the engine, then the plaintiff would be guilty of contributory negligence, and you will, if such you believe to have been the facts, find for the defendant; *but if the accident was caused by a defective wheel of which plaintiff knew nothing, proceeding with the engine with a knowledge on his part of a defective or insufficient brake would not be contributory negligence unless such defective or insufficient brake was the proximate cause which directly contributed to the accident;* on the other hand, if this accident was proximately caused by a defective or insufficient brake, and plaintiff knew it in time as aforesaid, he would be guilty of contributory negligence; although a defective wheel of which he knew nothing may have contributed to the accident."

We think that it is evident from the very terms of this paragraph of the charge, as well as what we have said on the subject under the seventh assignment of error, that the above proposition of appellant can not be supported by the record. The charge is more favorable than the proposition to the appellant. In very strong language the jury are told that contributory negligence upon the part of the plaintiff would arise and defeat a recovery by him as a matter of law, without reference to whether he acted as a prudent man would under like circumstances if he knew of the defect in the appliances which caused the derailment of the engine "in time to have remedied them or quit the en-

gine," or if within such time he knew of the defective and insufficient brake and that it caused the wreck, "although the defective wheel, of which he knew nothing, contributed to the *accident.*" This last word is evidently inadvertently used and could not have misled the jury, as they would understand it in its ordinary acceptation. We have underscored the words of the above charge to which it is probable appellant objects. This language so used is to the effect that if the wrecking of the train was caused by the defective wheel, of which defect plaintiff knew nothing, the fact that plaintiff had not abandoned his work, but had proceeded with the engine after he knew of the defective brake, "would not be contributory negligence on the part of plaintiff unless such defective or insufficient brake was the proximate cause which directly contributed to the accident."

In the third paragraph of the charge (hereafter to be considered) the plaintiff's right to recover on account of the defective wheel is limited to that being the proximate cause of the wreck, "*without which it would not have occurred.*" We think the court correctly charged the jury on this subject, though the paragraph quoted may perhaps be subject to the unimportant verbal criticism that it seems to recognize two distinct sole and efficient causes of the wreck as operating at the same time; but this could not have misled the jury. The plain and obvious meaning of the charge is simply that if the wreck was produced solely by the defective and cracked wheel—in other words, that it would not have occurred but for this defect—and that plaintiff was ignorant thereof, then the fact that he did not abandon the engine upon discovering the defect in the brake (if he did discover it) would not amount to contributory negligence sufficient to preclude a recovery by the plaintiff, though the defective brake may have contributed or aided in producing the injury, while on the other hand, if the latter defect in the machinery was the sole or efficient cause of the derailment, without which it would not have happened, and plaintiff was cognizant of such defect in the brake, then he could not recover, notwithstanding his ignorance of the defect in the wheel and which may have assisted in producing the catastrophe. Elsewhere in the general charge of the court the jury were instructed that "if neither the plaintiff nor the defendant were guilty of negligence, or if both were and if each contributed approximately to the injury, they would find for the defendant." In his petition the plaintiff specially sought to make the defendant liable on account of both the defective wheel and brake, and separately specified each defect as a distinct ground of action against the defendant. The proof of either of these grounds, if shown to have been the efficient cause of the injury, was therefore sufficient to sustain the action. Suppose the defective brake had been omitted, would not the cracked and unsafe wheel, as the real proximate cause of the wreck, have afforded ample basis for the maintenance of the action? We are

of the opinion that the paragraph of the charge in question is not erroneous under the facts of the case, and is certainly as favorable to the defendant as the law would justify. There can be but little doubt that the broken wheel alone produced the wreck. Wood's Mast. and Serv., secs. 358, 359; Railway v. McWhirter, 77 Texas, 360, 361.

It is to be noted that this portion of the charge makes the facts stated in the first paragraph negligence upon the part of the plaintiff, in the particulars indicated, sufficient to preclude him from recovering regardless of whether he was in fact guilty of negligence contributing to his injury in longer remaining on the engine after discovering the defects in the machinery, if he did discover them. In other words, independent of the inquiry whether his conduct was different from what would have been the conduct of a person of ordinary prudence and discretion in a similar emergency and under like circumstances, which were questions of fact to be determined by the jury alone under the law and the evidence. There was no evidence that he knew of the defect in the wheel, and but slight evidence that he knew of the defect in the brake, which, however, did not cause the wreck. This view of the law as above indicated, however, was substantially embodied in the general charge of the court. Generally to preclude recovery the contributory negligence relied on must be the proximate cause of the injury, by which is meant the efficient cause, without which the injury would not have occurred. Railway v. Ormond, 64 Texas, 489.

The servant is not deprived of the right to recover, as contended by appellant, on account of the slightest want of care. The law only demands of him, as we have said, the exercise of ordinary or reasonable care and discretion according to the circumstances or exigencies of his situation to prevent harm to himself. 7 Am. and Eng. Encyc. of Law, 862, and note.

It was shown that appellee was not the employe charged with the duty of inspecting the machinery, and that his duties were simply to keep up the fires in the engine, not to manage the brake or lever of the engine. Railway v. Aylward, 79 Texas, 675.

The third assignment of error assails the third paragraph of the court's charge, and the appellant contends that it authorized a finding for the plaintiff regardless of the negligence of his fellow servants. The following is the portion of the charge complained of: "If you believe from the evidence that the engine was derailed and the plaintiff injured by the plaintiff, the engineer, brakeman, or all three carelessly or negligently running the same down a steep grade at too great a rate of speed without making use of the means furnished them to check the speed, then defendant would not be liable to plaintiff for such injuries; yet if you believe from the evidence that one of the proximate causes of the accident, *without which it would not have* occurred, was the unsafe condition of the wheel, or brake, or both, as claimed by plaintiff, and plaint-

iff was not himself guilty of negligence in failing to apply the means furnished to stop the engine, and that defendant was guilty of negligence in furnishing them as hereinbefore explained, then defendant would be liable for any injury to plaintiff therefrom, *notwithstanding the negligence of the engineer or brakeman may have contributed to the accident.*"

The general charge of the court recognized the engineer and fireman as fellow servants of plaintiff, and also carefully instructed the jury as to due care upon the part of the servants in operating the machinery, and also in the first paragraph correctly instructed the jury as to the degree of care demanded of the company in furnishing suitable machinery to its employes. Again, in the fourth paragraph of the charge the limited liability of the company for failing to discover the defects in the engine is clearly set forth and applied to the facts of the case. Appellant objects to the part of the paragraph above quoted, which is in these words: "Notwithstanding the negligence of the engineer or brakeman may have contributed to the accident." A distinction is to be noted between negligence in furnishing unfit or defective machinery to the servant and the careless or improper manner in which the machinery, when not defective, is used by a fellow servant. In the first instance the negligence is that of the master, for which he is responsible, and in the second that of the fellow servant, for which the former would not be liable to another employe. Railway v. O'Hare, 64 Texas, 602. If the language of the charge had been that although the negligence of such fellow servants caused the wreck and injury they would still find for the plaintiff, etc., there would have been error. The charge, however, only makes the defendant liable on the hypothesis that the company's negligence in furnishing unfit and defective machinery was the proximate cause of the injury. This was a correct view of the law, for it is well settled that where the master is shown to be guilty of culpable negligence toward an employe he can not escape liability from his negligence in producing the injury by showing that another servant is also a joint tort-feasor with him, or is guilty of negligence that assisted the master in injuring his fellow servant. Case last cited, *supra;* Paulmier v. Railway, 5 Vroom. (N. J.), 154, 155; Cool. on Torts, 560; 7 Am. and Eng. Encyc. of Law, 828, note.

The appellant by the fourth assignment of error contends that the court erred in giving the first special charge requested by the plaintiff, because this charge neutralizes the main charge and makes the defendant an insurer of the soundness of the machinery and of the safety of the employe. Here is the charge: "That the plaintiff was not required to inspect engine No. 102, furnished him by defendant company, or to ascertain its real or actual condition before going upon the same to work, but that it was the first duty of defendant company to furnish him with a reasonably sound and safe engine with all its appliances, and that he had the right to rely upon and presume that the defendant company did

its duty in this particular, and if it failed to do so, and the plaintiff, in ignorance of such failure, was injured thereby, you will find for the plaintiff."

The court in its general charge repeatedly instructed the jury in effect that the company was not an insurer of the machinery or safety of its employes, but was only required "to furnish reasonably safe and suitable machinery proportionate to the hazard or danger that might be reasonably anticipated," etc. It also charged the jury as follows on this subject: "If the wheel and brake were sound and sufficient when the engine left Springfield, or if they were defective or insufficient but such defects or insufficiency were unknown to defendant, and could not have been discovered by the use of due diligence and the application of the ordinary and proper tests, then you will find for the defendant," etc.

The charges as given should be construed all together, not in detached portions or fragments. We find no error in the court having given the above special instruction as requested by the plaintiff, under the facts of this case. Aylward's case, supra; Railway v. Lehmberg, 75 Texas, 67; Railway v. O'Fiel, 78 Texas, 486; Eureka Co. v. Bass, 81 Alabama, 212 et seq.

We do not think the doctrine of fellow servants ought to be carried as far as contended for by appellant in its various propositions. The doctrine is of recent growth, and did not have its birth in legislation, but in the edicts of judges. An English lord in 1837, and not many years afterward an American judge, succeeded in permanently engrafting this new feature of law upon the jurisprudence of both countries, and this upon the doubtful assumptions (as matters of fact) that when a servant receives an injury from a fellow servant in the service of a common master, that he is really injured while in his own employ and enterprise, and that the knowledge upon his part that he is remediless in the courts of his country for such injuries constitutes a stronger incentive to the performance of duty than "self-preservation, the first law of nature." It appears to the writer of this opinion that the doctrine does not need any further extension than is recognized in this State to prevent recovery by those who can not now ordinarily have any redress of grievances and of injuries in the courts for the negligence of their fellows, however faultless may be their own conduct and fidelity. 7 Am. and Eng. Encyc. of Law, 822.

The eighth assignment of error is that the verdict of the jury allowing plaintiff damages in the sum of $10,000 is excessive and that the court should have granted a new trial on this account. There is nothing in the record to indicate that the jury were influenced at all by passion, prejudice, or other improper motive. The damages allowed were actual, to which the charge of the court confined the jury. The plaintiff's suffering for the time at least must have been almost beyond human endurance, as he lay bruised and scalded in the darkness of the

night, without help or assistance, with one of his companions dead and the other dying. The injuries are shown to be of the most serious and painful nature, and some of them in all probability permanent. The measure of his damages would seem therefore to be as great as have been allowed in cases of death caused by the injury, for here we have in addition to actual loss another element of damage consisting of physical and mental suffering, not ordinarily recoverable where death ensues. We think the following summary of the evidence supporting the verdict in this particular is a complete answer to the assignment:

Appellee was a fireman by occupation; was earning $65 per month when he was injured; was injured on the night of October 3, 1887. His testimony as to his injuries is as follows:   "The engineer was killed on the spot, the brakeman died the next day.   I was thrown down in and . against the cab of the engine, striking my back against it, and the steam and hot water poured in upon me; my back was injured and I was badly scalded; both legs from my knees down were scalded; my left leg was burned nearly to the bone; both arms were scalded, my left arm especially, my back from the waist-band of my pants up, my left side, the left side of my face and my left ear were badly scalded. I suffered intense pain of body and mind; it was twenty-one hours before my wounds were dressed. Where I was scalded the skin and in some places the flesh sloughed off. I was confined to my bed one month and to my room two months. Dr. Stephens, of Paris, treated me; I have paid out $170 for board and medical expenses. I was 29 years old when I was injured, and sound in every respect and able to work; I have never been able to work since, and never will be able to do hard work again; I have tried to work, but can not; I am unable to walk without a crutch; the leaders and muscles of my left leg are so drawn that I can not use it. [Here plaintiff at the request of his counsel and with the consent of the defendant's counsel showed his leg to the jury.] The leaders and muscles of my left arm are drawn so that I can not raise it up good—can't raise it to my head; my left ear was injured so that I can hear but little out of it, and there is a constant roaring in it; it has been over a year since I was injured; my injuries are permanent."

Dr. Stephens, the physician who attended appellee, testified as follows: "I reside at Paris, Texas; am a practicing physician and have been for fifteen years; waited on plaintiff when he was injured; was the first one to wait on him after he was brought here; he was badly scalded, and suffered intensely; fully one-third of his entire body was scalded, some parts very deep; his back was a solid blister; his legs from the knees down, both arms, his left side and side of his face were burned, some places only slightly and other places very deep. Very few persons scalded so badly as plaintiff ever recover; I wondered at his getting well at all; I examined his ear within the last few days; the drum of his ear is per-

manently injured, and he will never hear out of it again to do any good; I have examined his leg and his arm, but not so recently; the leaders of his leg and arm are drawn and there is a formation like a gristle, which prevents the free use of them. When the leaders become drawn by a burn that way at his age the injury is most always permanent; I think plaintiff will always be a cripple." On cross-examination the witness stated: "A limb that is burned deep may get nearly as strong as it ever was, but not altogether; the plaintiff's limbs may be straightened some by light exercise, but he will never be able to do hard work." Re-examined, stated: "I was present when plaintiff's clothes were first taken off. The skin and in some places the flesh came off with them; his suffering was very great."

James Shanklin, marshal of the city of Paris, testified as follows: "Know plaintiff; have known him about two years; I saw him when he was brought to Paris; saw him undressed; he was frightfully scalded; looked to me like he was scalded nearly all over; his back was in a solid blister, and his legs, arms, and side of his face were terribly scalded. He was confined to his bed for a good long time; I visited him several times; he suffered almost death; I did not believe he would ever recover; he walks with a crutch."

Appellant offered no evidence on this point at all.

Also on cross-examination appellee testified that the skin on his legs had healed except a small spot. That he could hear but little out of his left ear. "My left ear, left arm, and left leg are all that is the matter with me now." "Have tried to work since the injury but can not." Railway v. Ormond, 64 Texas, 489; Railway v. Jones, 75 Texas, 151; Railway v. Johnson, 76 Texas, 436; Railway v. Dorsey, 66 Texas, 149.

We think that there was no error of the court in excluding the evidence of C. F. Green which is presented in the ninth and last assignment. Defendant offered to prove by this witness that it kept at all times "four large box cars at Winslow Station, at the top of Porter Hill, for the purpose of letting 'light engines' (the engine in question was of that class) down that hill, thereby lessening the danger of the descent," but did not prove nor offer to prove that either appellee or Collins was informed or knew of such box cars, though they were strangers to that part of the road. In its answer the appellant specifically set forth the distinct grounds that it relied on as constituting contributory negligence, but wholly omitted any reference to these box cars or to the failure of those in charge of the engine to use them in descending said hill, and alleged that the fault was in running the engine at too great a rate of speed, not properly managing the brake and lever of the engine, or not having the defects in the machinery repaired at some of the other stations passed on the route prior to the disaster. The plaintiff's own testimony did not show him to have been guilty of such negligence as would preclude a recovery. We think that the defendant was properly confined

to the allegations of his answer, and further, that the relevancy and materiality of the proffered evidence is not made to appear. Brown v. Sullivan, 71 Texas, 475; Railway v. Lamothe, 76 Texas, 223, 224; Id., 155. The importance of the case is the apology for the length of this opinion.

We conclude that the judgment should be affirmed.

*Affirmed.*

Adopted March 3, 1891.