## TEXAS & PACIFIC RAILWAY COMPANY v. W. E. MAUPIN.

### Decided May 30, 1901.

**1.—Contributory Negligence—Injury to Employe—Charge.**

A charge is erroneous which instructs, in an action by an employe for personal injury resulting from a collision of handcars, that if plaintiff was negligent, and the defendant was also negligent, and defendant's negligence concurred with that of plaintiff and his fellow-servants on the car, and contributed to the injury, then defendant would be liable, since plaintiff could not recover if his negligence contributed to his injury.

**2.—Same—Burden as to Negligence.**

A charge that if plaintiff's negligence, or that of his associates operating the car with him, was the cause of the injury, and was not contributed to by the negligence of the defendant, then defendant should recover, was erroneous as placing too great a burden on defendant to show that its negligence did not contribute to the injury.

**3.—Same—Charge Too Limited as to Defendant's Negligence.**

A charge that if plaintiff's violation of a rule of the defendant company as to the manner of running the handcar caused the injury, and the injury was not contributed to by negligence of the defendant in regard to the brake or wheels of the car, then plaintiff could not recover, was subject to the criticism that if such violation of the rule by the plaintiff caused the injury, he could not recover, even though the injury may have been contributed to by the [other] negligence of the defendant.

Appeal from Harrison. Tried below before Hon. W. J. Graham.

*F. H. Prendergast,* for appellant.

*Scott & Jones,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by W. E. Maupin in the District Court of Harrison County to recover damages for personal injuries caused by being thrown from a handcar on August 24, 1897. There was a verdict and judgment for plaintiff, from which defendant has prosecuted an appeal.

Plaintiff was a section had, working for the Texas & Pacific Railway Company near the town of Baird. He had been working on a different section for some time, but was removed to this section, and was hurt the second day after beginning work thereon. H. A. Laws was his section foreman and had eight men under him. They had two handcars on which they carried their tools to and from their work. The men were coming home from their work on the two cars when the

car in front, which was a new car and heavier than the one in the rear, was run into by the hind car. Maupin was on the hindmost car. When the hind car ran into the front one, it left the track, throwing Maupin to the ground and injuring him. The hind car was an old car. The negligence alleged was that the brake on the old car was defective so they could not stop the car, and hence it ran against the front car; and that the flanges on the wheels of the old car were worn and sharp, which caused the car to ride the rail and leave the track. Defendant plead that it was the negligence of Maupin and his fellow servants that caused the car to run against the car in front, resulting in the injury to plaintiff.

Appellant's first assignment of error complains of the following clause of the court's charge: "If the injury was caused by his (plaintiff's) own negligence, or that of his fellow employes on the car with him, and would not have happened but for such negligence, then plaintiff can not recover, even though you might believe defendant was negligent. On the other hand, if he or they were negligent, and the defendant was also negligent, and the negligence of the defendant concurred with the negligence of the others and contributed to the injury, then defendant would be liable for the injury."

This charge is objected to as being contradictory and misleading. The objection is well taken. The statement, "On the other hand, if he or they were negligent, and the defendant was also negligent," does not announce a correct proposition of law, and is misleading. The pronoun "he," as used in this clause, refers to the plaintiff, and the effect of the charge is to tell the jury that if defendant was negligent the plaintiff could recover, although plaintiff himself may have been negligent. This is not the law. If the defendant was negligent and the plaintiff was also negligent, and his negligence contributed to the injury, plaintiff could not recover.

The third assignment of error complains of the following clause of the court's charge: "If the plaintiff's negligence, or that of his associates on the car with him, in running or operating their car at the time of the injury, was the cause of the injury, and was not contributed to by the negligence of the defendant in respect to the matters before mentioned, defendant could recover." This charge is subject to the criticism that it places too great a burden upon the defendant in that, although plaintiff's negligence may have caused the injury, yet defendant was required to show that its negligence did not contribute to the same. If plaintiff's negligence caused the injury, he could not recover, and the jury should have been so instructed. If, however, plaintiff was not negligent and defendant was negligent, and its negligence was the cause of the injury, plaintiff was entitled to recover, notwithstanding the negligence of his fellow servants may have contributed to the same. Railway v. McLain, 80 Texas, 85.

The fifth assignment of error complains of the following clause of the court's charge: "If there was any order or rule of the defendant

with respect to the distance that should be observed in running one car behind another, and the plaintiff knew of this rule or order, and violated the same, and a violation of the rule or order caused the injury, and the injury was not contributed to by the negligence of defendant in regard to the brake or wheels, as before explained, then plaintiff can not recover."

This charge is subject to the criticism that if the violation by plaintiff of a rule of defendant as to the manner of running the car caused the injury, then he could not recover, although it may have been contributed to by the negligence of defendant.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*