ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. THOMAS SEEGER.

Decided March 9, 1910.

**1.—Master and Servant—Fellow Servant—Common Law—Concurring Negligence—Case Overruled.**

Even though a master may not be liable for injury inflicted upon a servant by the negligent act of a fellow servant, still when the negligence of the master is an active concurring cause with the negligence of the servant in producing the injury, the master will be liable. In so far as the opinion on a former appeal of this case, 44 Texas Civ. App., 534, trenches upon the foregoing proposition, the same is overruled.

**2.—Same—Case Stated.**

Where a railroad fireman, while under his locomotive engaged in the performance of his duty to clean out the ash-pan, was injured by the moving of the locomotive, and the moving was caused by the concurring negligence of the railroad company in furnishing a locomotive with a leaky throttle, and of the engineer in reversing the lever and releasing the brakes, the fireman was entitled to recover against the company even though the injury occurred in a jurisdiction where the master was not liable for injuries caused by the negligence of a fellow servant.

**3.—Charge—Construction.**

A charge should be considered and construed as a whole. Any charge can be distorted if only garbled portions of it are taken up for criticism.

**4.—Trial—Contradictory Testimony.**

The trial court had no authority to reject testimony because of contradiction in it. It is the province of the jury to reconcile such contradictions

**5.—Personal Injuries—Damages not Excessive.**

Evidence as to injuries to an arm considered and held sufficient to support a verdict for $7,922.

Appeal from the District Court of El Paso County. Tried below before Hon. A. M. Walthall.

*Terry, Cavin & Mills* and *A. H. Culwell,* for appellants.—The evidence in this case wholly fails to show any such negligence on the part of the railway company as would make it responsible for the loss complained of. The evidence, without contradiction, shows that an active, overt act was committed by Engineer Hoehn, and but for which the engine would not have moved. The evidence shows that it was his purpose to move, and the evidence further shows, as is demonstrated by the physical facts, that the engine would have remained in a stationary position but for his act. Atchison, T. & S. F. Ry. Co. v. Seeger, 44 Texas Civ. App., 534.

(Second assignment of error).—"The court erred in refusing to give the defendant's special charge No. 1, which is as follows: 'The only negligence claimed by plaintiff as being the cause of his injury was this: that the throttle valve of the throttle to the engine 681 was, at the date of plaintiff's injury, in a leaky condition, and that such leaky condition caused the engine to move involuntarily, which movement caused plaintiff's injury. Now, in order to recover because of the leaky throttle or throttle valve, you must find from all the evidence that the said leaky throttle or throttle valve, and nothing else, caused the engine to move; and you must further find that at said time and place said engine was not in a reasonably safe condition;' for the reason that said charge No. 1 was called for and demanded by the evidence in this case, and because the matters suggested therein were not covered by any charge given by the court, but was the law in this case, and the failure to give same was prejudicial error."

(Sixteenth assignment of error.)—"The court further erred in charging upon concurring causes, for that under the evidence in this case there was no such issue as that of concurring causes, for the reason that all the testimony upon the condition of the engine at the

time of the accident established beyond question that Engineer Hoehn, notwithstanding the then condition of the engine or any existing defect in the throttle or throttle valve, could absolutely control its movements and keep it at a standstill. Engineer Hoehn reiterates this statement, and there is no other testimony upon the issue. This being so, it was error in the court to charge repeatedly upon concurring causes as it did. The engine, being a piece of machinery absolutely subject to the control of the engineer, was one of reasonable safety, as a matter of law, and all the charges and paragraphs thereof referring to concurring causes were erroneous, were misleading, and greatly prejudicial to the rights of the defendant before the jury."

(Seventeenth assignment of error.)—"The court further erred in the twelfth paragraph of his main charge in stating to the jury as follows: 'Unless you believe from a preponderance of the evidence that said throttle valve of said engine No. 681 was leaky, as alleged by plaintiff, and that defendant was guilty of negligence in furnishing and using said engine with said leaky throttle valve for doing the work in hand, and that said leaky throttle valve, if any, approximately caused the said engine to move backward, and plaintiff's arm to be crushed and injured, then your verdict must be for the defendant.' For the reason that the court limits the right of the defendant to a verdict to the existence of the numerous conditions mentioned by it in said paragraph, when the evidence showed that it was not the leaky throttle or throttle valve which caused any injury to plaintiff, but the manner in which said engineer handled said engine, for the engineer emphatically states that he at all times had control of his engine; that he kept it standing as long as he intended to; that he could have held it by the brakes and by keeping the lever on center, which establishes said engine to be a reasonably safe piece of machinery."

(Eighteenth assignment of error.)—"The court further erred in paragraph twelve of his main charge in telling the jury as follows: 'If, however, you believe from a preponderance of the evidence that said throttle valve was leaky, as alleged by plaintiff, and that the defendant company, before the injury to plaintiff, by the exercise of reasonable care, would have known thereof, and that the furnishing of said engine for the work in hand, with said throttle valve so leaky, was negligence on the part of the company, and that such negligence was the proximate cause of said engine moving backward and causing the plaintiff's arm to be crushed, and that said Engineer Hoehn did not intend that said engine should start upon the throwing of said lever and the releasing of the air before the opening of the throttle, and further believe that the plaintiff himself was not guilty of negligence contributing to bring about his injury, and that he did not assume the risk, then your verdict should be for the plaintiff.' "

(Twentieth assignment of error.)—"The court erred in paragraph eight of its charge, in which it tells the jury as follows: 'Now, therefore, if you believe from the preponderance of the evidence that the throttle valve of the defendant's said engine No. 681 was leaky at the time of plaintiff's injury, as alleged by plaintiff in his petition, and that by reason of such leaky condition, if any, while plaintiff was engaged in the discharge of his duty under said engine No. 690, the

steam leaked and escaped into the steam chest of said engine No. 681, and that Hoehn, the engineer in charge of said engine No. 681, threw his reverse lever into backward motion, and that upon his doing so the steam, which had accumulated in the steam chest, if it had so escaped into the cylinder of said engine No. 681, and upon the releasing of the brakes of said engine, by reason of the steam having so escaped into the cylinder, if it so had, caused the engine No. 681 to move backward without the engineer, Hoehn, having opened the throttle, and without said Engineer Hoehn having intended that it should so move before the opening of said throttle, and that such movement of said engine No. 681 pushed or moved said engine No. 690, which plaintiff was under, and thereby caused plaintiff's arm to be caught, crushed and injured, as alleged, as approximate consequences of such leaky throttle, if any, and that the defendant, before such injury was inflicted upon the plaintiff, by the exercise of ordinary care should have known of such leaky condition, if any, of such throttle valve, and that it was negligence on the part of the defendant company to have so furnished and operated said engine with its throttle valve in such leaky condition, if leaky, that such negligence, if any, on the part of the defendant company was the proximate cause of said engine so moving off and injuring plaintiff, then and in that event you should find for the plaintiff.' "

*Patterson, Buckler & Woodson,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages arising from personal injuries received by him while in the employment of appellant as a fireman, the injuries having been received in the Territory of Arizona. It was alleged that appellee was a fireman on a train drawn by two engines, he being employed on the rear engine, and that he, in discharge of his duties, was under his engine cleaning out the ashpan, when there was a sudden movement of the engine and his arm was badly hurt. He alleged that the movement of the engine was caused by the leaky condition of the throttle and throttle valve on the front engine, which caused the steam to escape into the cylinder and result in an automatic movement. Appellant answered that the injuries were received through the negligence of the engineer on the front engine, who was, in Arizona, a fellow servant of appellee, and that he could not, therefore, recover. The cause was tried by jury, and resulted in a verdict and judgment for appellee for $7,922. This is a second appeal. (44 Texas Civ. App., 534, 98 S. W., 892.)

It appears from the evidence that engine number 681 was attached to an engine in the rear of it which was attached to a train, and the rear engine was known as number 690, upon which appellee was working as a fireman. In January, 1903, while the two engines were at a standstill at the town of Williams, in Arizona, appellee went under the rear engine, number 690, to clean out the ashpan, and while under there he heard three short blasts of the whistle of front engine number 681, which meant it wanted to "back up," and the engines moved, and appellee was seriously and permanently injured in one of his

arms. The evidence justifies the conclusion that the accident would not have occurred had it not been for the defective condition of engine number 681, which defective condition was known to appellant. The throttle or throttle valve 'on' the engine was leaky and would permit steam to escape into the cylinder and cause the engine to move when the lever was down and the brakes off. With an engine in good condition, standing still, the putting down of the reverse lever and taking off the brakes, without opening the throttle, would not cause the engine to move. The throttle was not open, and when the engineer put down the reverse lever, gave three signals and released the brakes, he *did not expect the engine to move until the throttle was opened.* The engine did move, however, because steam had escaped from the defective throttle of the engine into the cylinder. The engineer on engine 681 swore that he did not know that appellee was under the rear engine. We conclude that the defective condition of the throttle was the proximate cause of the injuries to appellee. There was no testimony tending to show that the engineer knew that the cylinder had accumulated by the leakage sufficient steam to move the train.

The evidence clearly showed that the injuries inflicted on appellee resulted from the negligence of appellant in furnishing a defective engine, and if it be conceded that the engineer was negligent in reversing the lever and releasing the brakes, the defect was an active concurring cause with the act of the engineer in producing the result, and appellant was liable. Texas & P. Ry. v. Scott, 64 Texas, 549; Houston & T. C. Ry. v. O'Hare, 64 Texas, 602; St. Louis & S. F. Ry. v. McClain, 80 Texas, 85; Ft. Worth & D. C. Ry. v. Mackney, 83 Texas, 410; Gulf, C. & S. F. Ry. v. Johnson, 83 Texas, 628. If there were expressions used on the former appeal that trenched in any manner upon the foregoing well established proposition of law, they must be disregarded.

The charge, whose rejection is complained of in the second assignment of error, ignores the principle of the negligence on the part of appellant in furnishing a defective engine concurring with the act of the engineer in producing the result, and was properly rejected. The court gave the law applicable to the facts of the case.

The third assignment of error is overruled. The charge of the court was full and explicit on the point sought to be presented in the rejected charge.

The fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth assignments of error complain of the rejection of special charges requested by appellant. They are not sustained for the reason that every issue in the case was clearly submitted to the jury in the charge of the court, and it was unnecessary to give the special charges, or any of them, even though some of them might have contained correct propositions of law. Several of the special charges were clearly erroneous under the facts.

The charge complained of in the fifteenth assignment is a portion of a charge that is not subject to criticism when read in connection with the part from which it has been disconnected. Any charge can be distorted if only garbled portions of it are taken up for criticism.

The sixteenth assignment of error fails to point out the portion of the charge that is assailed, and presents nothing for consideration. It may be said, however, that the evidence raised the issue of the acts of the engineer and appellant concurring to produce the result.

The charge complained of in the seventeenth· assignment was not unfavorable to appellant, and it has no ground for complaint. There can be no possible doubt that if the leaky throttle was furnished by appellant, and it was negligence to furnish it, and such defective throttle was the proximate cause of the injury, appellant was liable for the injuries inflicted thereby, and the converse of that proposition is what appellant has complained of.

The charge assailed in the eighteenth assignment of error does not assume any state of facts, but every fact was presented to be found by the jury from the preponderance of the evidence. It can not be said, with due regard to the record, that there was no testimony that the engineer did not· intend to start the engine when he moved the lever and released the brakes, when the record shows that the engineer swore: "I did not expect my engine to move until the throttle was open." It does not matter that he may have contradicted himself in connection with that statement; it was the province of the jury to reconcile the inconsistencies in the testimony. The court did not have the authority to reject the testimony on account of contradictions in it.

It appeared from the evidence that appellee's arm was crushed from about the wrist to his shoulder; that it was in bad condition at the time of the trial, and that there was a running sore on the elbow that would probably never heal, and that he had suffered great pain which had not ceased, and that he was unable to do anything for over a year. We do not think a verdict for $7,922 excessive.

The twentieth assignment of error is without merit. The court, in the charge assailed, does not assume the existence of any fact. The court did not assume that the throttle was leaky nor that steam would escape, but with the greatest care guarded against assuming that either existed. The charge was fully justified by the evidence.

The twenty-first and twenty-second assignments are reiterations of other assignments herein considered, and are overruled. The judgment is affirmed.

*Affirmed.*

Writ of error refused.