## Missouri, Kansas & Texas Railway Company of Texas v. A. D. Hay.

### Decided February 22, 1902.

**1.—Negligence—Personal Injury—Charge.**

Where the action was for injury received by a railway mail clerk while leaving his car, a charge authorizing a recovery if defendant was negligent in starting the car or in having an improperly constructed platform there, if plaintiff's injury was caused by such starting of the car or the defective platform, was erroneous in that it authorized a recovery if defendant was negligent only in starting the car and plaintiff was injured by reason of the defective platform, or if defendant was negligent only as to the platform and plaintiff was injured by the starting of the car.

**2.—Same—Contributory Negligence.**

A charge that if it was negligence for plaintiff, in leaving the car, to jump from the side door, instead of leaving it by the steps, the verdict should be for defendant, did not properly submit the real questions, which were, whether or not an ordinarily prudent person, situated as was plaintiff, would have remained in the car, and if not, whether he would have left it at the time and place and in the manner plaintiff did.

Appeal from Grayson.   Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Head & Dillard,* for appellant.

*Randell & Wood,* for appellee.

TEMPLETON, Associate Justice.—The appellee was employed in the railway mail service of the United States, his route extending over the line of appellant's road from Denison to Taylor.  A train on which he was working reached Taylor about 4 o'clock on the morning of April 12, 1900.  It was the custom, as soon as the mail was unloaded, to detach the mail car at that point, the remainder of the train proceeding without such car.  When the train arrived at the station on the occasion in question, appellee at once opened the side door of the mail car and began putting out the mail.  Before he had completed this work, the employes of appellant in charge of the train uncoupled the mail car and it was moved forward preparatory to cutting it out of the train.  Appellee thereupon sprang out of the side door of the mail car onto the depot platform, fell, and was injured.  There was evidence tending to show a necessity for him to remain with the mail which had been put off, and also that the platform was improperly constructed and unsafe in that the planks constituting the floor thereof were of uneven thickness.  Appellee brought suit on account of his injuries and recovered a judgment from which this appeal is prosecuted.  The grounds of negligence charged against appellant were that the mail car was moved forward prematurely, and that the platform was defective and unsafe.

In that paragraph of the charge of the court wherein the plaintiff's theory of the case was submitted to the jury, the following language is found: "And if you believe from the evidence that either in the acts of employes in moving and starting said car, if you believe they did start and move it at said time, or the act of defendant in constructing the platform with planks of uneven thickness, if you believe it was so constructed, amounted to a failure on the part of defendant to use that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances, and if you further believe from the evidence that the starting or moving of the car and the unequal thickness of the planks of the platform, either or both, was or were the direct and proximate cause of the injuries, if any, received by plaintiff,  * * *  you will find for the plaintiff."  In effect, this charge authorized a recovery by the plaintiff if the defendant was negligent in moving the car or in having an improperly constructed platform, if his injuries were caused either by the movement of the car or by the uneven thickness of the planks of the platform.  In other words, the jury was authorized to find for the plaintiff if they believed that the defendant was negligent only in respect to moving the car and the injury was caused on account of the condition of the platform alone, or if they

believed that the defendant was negligent only in regard to the platform and the injury was caused by the movement of the car alone. To state the proposition differently, the charge permitted a verdict for the plaintiff if his injuries resulted from a cause in respect to which the defendant was not negligent. Of course such proposition is not the law and the able trial judge did not intend to so instruct the jury, but the charge as drawn is clearly susceptible of such construction, and is therefore erroneous. The error can not be held immaterial, and, being affirmative in its nature, is ground for reversal, even though no special charge relating to the matter was requested by appellant.

It is insisted by appellee that the charge under consideration is similar to the charge which was approved in the McClain case, 80 Texas, 85. We do not so regard it. In that case McClain, a fireman, was injured by the derailment of the engine. It was alleged that the engine was equipped with a defective wheel and insufficient brake, which constituted negligence and caused the accident. The charge there approved was to the effect that if the wheel was defective or the brake insufficient, thereby rendering it unsafe to operate the engine, and either the defective wheel or insufficient brake, or both combined, caused the engine to leave the track, and if the company when it sent out the engine knew, or by the exercise of ordinary care would have discovered, the particular defect or insufficiency which caused the derailment, then the plaintiff was entitled to recover. It is manifest that such charge authorized a verdict for the plaintiff only in case the jury found that the defendant was negligent in the very particular or particulars to which the accident was attributable. The charge given in that case is easily distinguishable in this respect from the charge given in the case at bar.

In submitting the issue of contributory negligence, the court used the following expression: "If you believe from the evidence that plaintiff in alighting from said car jumped from the side door thereof to the platform, instead of leaving the car at the steps thereof, and you further believe that in so alighting from said car  *  *  *  plaintiff was guilty of negligence,  *  *  *  you should find for defendant." On this issue the real questions were whether or not an ordinarily prudent person, situated as was the plaintiff, would have remained in the car, and if not, whether he would have left the car at the time and place and in the manner plaintiff left it. The charge does not properly submit these questions. The jury may have inferred from the charge given that the plaintiff was justified in leaving the car in any event, and that the only questions to be determined was whether he should have gone out of the car and down the steps instead of leaping out at the side door. The charge should have been so framed as to exclude such inference.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*