INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
W. E. KERNAN.

No. 2914.

1.  **Master and Servant — Duty of Master.** — A railway company is bound to furnish safe machinery and appliances for use by its employes in operating its road. If ordinary and reasonable care is not exercised by the company to do this it would be responsible for injuries to its servants caused by such neglect.

2.  **Same—Fellow Servant—Negligence.**—The railway company can not relieve itself of this duty by charging its servants with its performance. The neglect of the servant to whom such duty is entrusted is the neglect of the company.

3.  **Car Inspector.**—Negligence on part of a car inspector is chargeable to the company, on complaint of a brakeman injured by such neglect.

4.  **Same.**—That a defective car belonged to another road is immaterial. The railway company is bound to the same care touching all cars used upon its line.

5.  **Charge.**—It is proper to refuse a requested charge repeating matter contained in the general charge of the court.

APPEAL from Smith.    Tried below before Hon. Felix J. McCord.

The statement of the nature and result of the case by appellant is accepted by the appellee and is here given.

Appellee brought this suit against appellant in the District Court of Smith County on the 1st day of December, 1888, alleging in substance that about the 9th day of October, 1888, he was in the employ of the appellant and engaged as brakeman on appellant's railroad, and on said date was engaged with other employes of appellant in switching, coupling, and uncoupling cars on appellant's railroad and yards in San Antonio. That a certain car upon appellant's road was defective, worn, and out of repair; that the spring at the end of the drawhead of said car was wanting in force and strength and allowed said drawhead to be pushed to such an extent under the car as to allow the coupling pin to come in contact with and strike the wood upon the end of the car with such force and frequency as to have imbedded itself into the wood of said car; that said drawhead and the iron and wood about said drawhead were worn, defective, and out of repair; that said defects were such as could and would have been discovered by appellant's car inspector by the use of ordinary care and diligence. That appellee, not knowing of said defects and dangerous condition, did on said date attempt to couple said car with another car; that no extraordinary force was used by parties operating the engine in bringing cars together, and while placing pin in drawhead of said car in the usual and careful manner, on account of said defects in said car he was seriously and permanently injured; that by the pin upon which his hand was placed coming in contact with the wood upon the end of said car his third and fourth fingers were bruised and severed entirely from his right hand; that on account of said injuries he suffered great bodily pain and mental anguish, and they will incapacitate him to a great extent for labor, thereby depriving him to a great extent of earning a livelihood. That appellee is a young man, and that from said injuries he will be inconvenienced and disfigured for the balance of his life, etc. By reason of all of which appellee prays for $15,000 actual damages.

Appellant answered (1) by general denial; (2) that appellee's injuries were caused by his own negligence and carelessness and could have been avoided by the exercise of proper care on his part; (3) that the car alleged by plaintiff to be defective was not one of defendant's cars, but belonged to another road connected with defendant's road, and had just been run on to defendant's road, and had been inspected by defendant's inspector and found in good condition on the night of the alleged accident; (4) that appellant had competent inspectors in its employ at said time and place whose instructions and duty it was to inspect all cars in use by appellant and see that they were sound and in good repair.

The trial resulted in a verdict for the plaintiff for $1250. Defendant appealed.

*Gould, Camp & Robertson,* for appellant.—1. A railway company is

not liable for an injury received by one of its servants caused by his own negligence or carelessness. Railway v. Myers, 55 Texas, 110.

2. A railway company is not liable in damages for injuries inflicted on one of its servants resulting from negligence of a fellow servant, unless it be shown that such fellow servant was incompetent and unworthy of trust and that the company knew it. Robinson v. Railway, 46 Texas, 540; Dallas v. Railway, 61 Texas, 196.

3. An engineer and brakeman working upon the same train and the car inspector whose duty it was to inspect and condemn or repair said cars are coservants; and a railway company is not liable for an injury inflicted upon a servant by reason of the negligent acts and omissions on the part of a coservant. Smith v. Potter, 9 N. W. Rep., 273; Dallas v. Railway, 61 Texas, 196.

4. Railway companies are not insurers of the safety of their employes, and said employes assume all the risks incident to their employment, and the carelessness and negligence of a coemploye is one of those risks incident to their employment and for which the company is not liable. Smith v. Potter, 9 N. W. Rep., 273; Dallas v. Railway, 61 Texas, 196.

5. A party whose duty it is to inspect cars and see that they are in a safe and proper condition for use is a fellow servant with one employed as a brakeman upon said cars.

The court charged the jury: " One whose duty it is to keep safe machinery is not a fellow servant with one who has to use it." The proof shows that the plaintiff was a brakeman in the employ of the company, and that the car inspector was also in the employ of the company, and that it was his duty as such inspector to see that the cars were in good condition. Smith v. Potter, 9 N. W. Rep., 273; Dallas v. Railway, 61 Texas, 196.

*John M. Duncan* and *J. J. Rice,* for appellee.— 1. The master is bound to furnish safe and suitable machinery and appliances for the safe discharge of the employe's duties, and to keep them in repair. If he fails to perform his duty in this respect he is liable to the servant for any damage resulting from his neglect. Railway v. Pinto, 60 Texas, 516; Railway v. McNamara, 59 Texas, 255; Railway v. McAtee, 61 Texas, 695; Railway v. Kirk, 62 Texas, 228; Wood on Mast. and Serv., secs. 329, 344, 345; 2 Thomp. on Neg., 944.

2. The master is chargeable with the knowledge that he might have acquired by the exercise of due care the same as if he actually possessed it, whereas the servant has the right to assume that all necessary examinations have been made by the master, and is not required to examine the appliances as to their fitness or sufficiency. Railway v. McNamara, 59 Texas, 255; Railway v. Dunham, 49 Texas, 181.

3. A railway company can not exempt itself from liability for an in-

jury to an employe resulting from defective cars by employing competent car inspectors and enforcing regulations in regard to inspection, but the negligence of the car inspector is the negligence of the company when by such negligence an employe is injured. Railway v. McElyea, 71 Texas, 387; Railway v. O'Hare, 64 Texas, 600.

4. The car inspector, whose duty it is to inspect cars and see that they are in safe condition, is not a fellow servant with the brakemen and switchmen, whose duty it is to handle, couple, and uncouple cars; and when the brakeman or switchman is injured by the negligence of the car inspector the company is liable. Said inspector is in that instance the agent of the company, and his negligence is the master's negligence. Railway v. Marcelles, 59 Texas, 334.

COLLARD, Judge.—Appellee, employed as a brakeman, while in the performance of his duty uncoupling cars in appellant's railroad yard in San Antonio, had two fingers on his right hand mashed off. The cause of the injury was a defect in the car and the coupling apparatus. Appellant, by several assignments of error arising from the refusal of the court to give special instructions asked by defendant, insists that if the injury resulted from the negligence of its car inspector in failing to report the car in bad order for repairs, the inspector being a fellow servant of plaintiff, the company would not be liable.

The rule is that a railway company is bound to furnish safe machinery and appliances for use by its employes in operating its road, and if ordinary and reasonable care is not exercised by the company to do this it would be responsible for injuries to its servants caused by such neglect. The company can not relieve itself of this duty by charging its servants with its performance. The neglect of the servant to whom the company entrusted such duties is the neglect of the master. Railway v. Farmer, 73 Texas, 85, and authorities cited; Railway v. O'Hare, 64 Texas, 600; Railway v. Bell, 75 Texas, 53. The fact that the defective car belonged to another road was immaterial. It was the duty of the company to use the same care in protecting its employes that it would have used if the car had been its own, and if the danger of the service was thereby increased to warn the brakeman. Railway v. White, 76 Texas, 103.

Appellant requested the court to charge the jury that if the injury was caused by the carelessness of the engineer in backing the train the negligence would be that of a fellow servant, and defendant would not be liable. The court gave in the general charge a similar instruction embodying the same principle, and it was not necessary or proper to repeat it by giving the requested charge. The law of contributory negligence as applicable to the case was given to the jury in its general charge, which dispensed with the necessity of giving the special charge asked by the defendant on the same subject. Besides this, the charge asked could not be given be-

cause it contained the oft repeated illegal proposition insisted on by defendant—that if the injury resulted from the negligence of the car inspector the defendant would not be liable. On this account alone the instruction could not have been given.

We find no error in the trial of the case or in the judgment of the court below, and conclude it ought to be affirmed.

*Affirmed.*

Adopted October 28, 1890.