## Missouri, Kansas & Texas Railway Company of Texas v. G. F. Hutchens.

### Decided March 30, 1904.

**1.—Fellow Servants—Truckman—Cleater—Charge—Negligence.**

Evidence held to show a "cleater" or "sealer," whose duty it was to inspect and hang the doors of freight cars and to cleat to the floor of the cars the "iron run" upon which trucks were rolled into and out of the cars, not a fellow servant with a truckman employed to load and unload freight into the cars within the meaning of article 4560h, Revised Statutes. Charge on negligence of defendant in failing to inspect a car door which fell and injured plaintiff held correct.

**2.—Ordinary Care—Duty to Inspect.**

A truckman injured by the falling of a car door was not required to use even ordinary care to discover whether a door was properly fastened where there was an inspector hired for this very duty.

**3.—Charge—Care in Inspection of Door—Accident.**

A charge that if defendant used ordinary care to furnish a safe fastening for a door, which fell and injured plaintiff, or had made such inspection of the fastening as an ordinarily prudent person would have made to find for defendant, being sufficient to cover the facts of this case it was not error to refuse a charge to find for defendant if the falling of the door was a mere accident.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*Hayden W. Head* and *Head & Dillard,* for appellant.

*Wolfe & Hare,* for appellee.

FLY, Associate Justice.—Appellee sued appellant to recover damages arising from personal injuries alleged to have been inflicted through the negligence of appellant. Trial by jury resulted in a verdict and judgment for appellee in the sum of $4000.

Appellee was in the employment of appellant as a truckman, or, in the language of the witnesses, a "trucker." It was his duty to haul freight to and from cars on a truck. On the day appellee was hurt he had gone into a freight car with a truck loaded with freight and was about the center of the car when a door fell from the top of the car and struck him on the back of the neck and back and knocked him senseless. He received serious and permanent injury and suffered great pain. The door which fell was an inside one and when a car was to be loaded or unloaded the inside or grain doors were fastened to the top of the car by hooks attached to the top which clasped into eyes on the doors.

The witnesses for appellee and those for appellant, including Ari Wilson, united in testifying that it was the duty of the latter, who is called a "cleater," or "sealer," to inspect the doors of freight cars and the fastenings thereon and to prepare the cars for truckmen to work in. He nailed the "cleats" to the floor of the cars to hold in place an appliance known as the "iron run" upon which trucks were rolled into and out of the cars. If the doors were out of fix it was his duty to repair

them; it was also his duty to fasten the inside doors to the tops of the cars and to see that the fastenings were secure. The duties' of appellee were to take his truck into a car where it was loaded with freight by what is known as a "breaker," and then carry the load to the place indicated by the check clerk. There was not a particle of evidence that tended to show that appellee and Ari Wilson were fellow servants, but on the other hand the uncontroverted testimony showed that they were not fellow servants. It is true that Wilson swore that when the cars were high he got a truckman to assist him in fastening the inner doors to the top of the car,. but he did not fasten the door that fell and injured appellee and no one had assisted him in and about his duties with the car in question. Whether it was high or low does not appear. The court did not err, therefore, in instructing the jury that the negligence of Wilson was that of appellant if the duty of inspecting the doors and fastenings thereof and preparing the car for the truckmen devolved on him. International & G. N. Ry. Co. v. Kernan, 78 Texas, 294.

The definition given in article 4560h, Revised Statutes, comprehends all employes of every person, receiver or corporation operating a railroad or street railway, and the requirements of that statute must be met in order to bring Wilson and appellee into the relation of fellow-servants. The testimony totally failed to meet the requirement of the statute in any respect. They were not in the same grade of employment, were not doing the same character of work, were not working together at the same time and place, and were not working to a common purpose. Long v. Railway, 94 Texas, 53.

Appellee was under no obligation to use even ordinary care to discover whether the door was properly fastened or not. He was authorized to assume that the inspector appointed by appellant had performed his duty and that the door was securely fastened. He did not know that the door was insecurely fastened and it was not his duty to exercise care to ascertain its condition. Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 351. It follows that the court did not err in refusing the special charge. It may be said, however, that the evidence did not tend to show that appellee by the exercise of ordinary care would have discovered the unsafe condition of the fastening of the door. If he had seen that it was fastened by a wire as testified by some of the witnesses, it would not have put him upon notice that it was not securely. fastened.

The court instructed the jury that if appellant had used. ordinary care to furnish a safe fastening or had made such inspection of the fastening as an ordinarily prudent person would have made to see that it was secure, to find for appellant. That charge covered the facts 'of the case, and it was not error to refuse a charge to the effect that if the falling of the door was a mere accident a verdict should be returned for appellant. If the inspector had done his duty he must necessarily have discovered the unsafe condition of a fastening which appellant contends a man upon whom no duty of inspection rested and who was

rolling a truck should have discovered. It was testified by witnesses for appellant that if the door had been properly fastened it could not have fallen.

There was no evidence as to when, where or by whom the door that fell was fastened to the top of the car, but if it had been fastened by a "breaker," it did not appear that he was a fellow servant of appellee while engaged in fastening the door. If he had been a fellow servant of appellee, it would not have precluded a recovery, because the proximate cause of the injury was not the improper manner in which the door was handled by the man who put it up, but the defective fastening and negligent inspection.

No question of assumed risk appears in the case and the court very properly refused a charge presenting that issue. There was no evidence indicating that appellant had adopted a method of fastening its inside doors in freight cars so that they would fall when a truckman entered the car, and nothing to show that the inspector was relieved from inspecting the fastening of the doors when he had not fastened them, and consequently appellee could not have gone into the car apprised of such ways of proceeding.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.