HUTTO et al. v. HALL et al.

(Court of Civil Appeals of Texas. Galveston. March 6, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where error was assigned to the refusal to charge that plaintiffs could only recover such damages as were reasonably certain, and of which the cause was reasonably certain, and the proposition thereunder was that the court erred in refusing to charge, as requested, that the damages, if any, that plaintiffs could recover should be limited to those which were the natural and proximate result of the breach of contract, and the statement was only that the court's charge failed to so instruct, with a reference to the special charge set out in the assignment, the assignment cannot be considered;

---

no such charge as that contained in the proposition having been requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.

Where the statement under an assignment of error to the refusal of a requested charge contains none of the evidence on the question presented, the alleged error cannot be reviewed, and it must be presumed that the charge given on that issue was sufficient under the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS —GIVEN INSTRUCTIONS.

The refusal of a requested instruction is not error, where such instruction, so far as applicable to the issues, was substantially embraced in the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. BAILMENT (§ 21*) — DISPOSSESSION OF BAILEE—PARTIES LIABLE.

A third person, with knowledge of the terms of a lease of chattels, cannot avoid liability for acting together with the bailor in dispossessing the bailee by its belief that the bailee had breached his contract, if in fact he had not.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 91–102; Dec. Dig. § 21.*]

5. BAILMENT (§ 21*) — DISTURBANCE OF BAILEE'S POSSESSION.

Bailees, who paid a cash rental for a sawmill for 3½ months, and who did not assume a contract between the bailor and a third person for the manufacture and delivery of staves, had the right to let the mill lie idle, and a failure to operate it did not authorize the bailor and such third person to dispossess them.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 91–102; Dec. Dig. § 21.*]

6. APPEAL AND ERROR (§ 216*)—OBJECTION BELOW — SUFFICIENCY — SPECIAL INSTRUCTIONS—NECESSITY OF REQUEST.

Where a party, desiring the law on a point in the case to be more particularly stated, does not request a special charge to that effect, he cannot complain on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

7. APPEAL AND ERROR (§ 731*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error complaining that the verdict and judgment were not supported by the evidence, which was insufficient and incompetent, followed by a statement, "Statement of Facts, pp. 2 to 74," is nothing more than an assignment that the verdict and judgment are not supported by the evidence, and is too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by V. C. Hall and another against W. L. Hutto and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Lee & Ingram, Smith & Blackshear, and Ford & Beaty, all of Jasper, for appellants. Joe W. Thomas, of Woodville, for appellees.

REESE, J. V. C. Hall and R. E. Wilkinson sued W. L. Hutto and the Western Naval Stores Company to recover damages in the sum of $3,600, alleging that plaintiffs had leased from W. L. Hutto a certain sawmill plant for a term of 3½ months, to wit, from September 1st to December 15th, with the privilege to plaintiffs of buying the sawmill and appurtenances at the termination of the lease at the price of $1,700. It was further alleged that the Western Naval Stores Company, who had knowledge of the above contract, agreed to furnish plaintiffs timber for the manufacture of certain lumber products, which plaintiffs were to manufacture for said company at a stipulated price. It was further alleged that under this contract plaintiffs operated the mill from September 4th until the 13th, when the mill got out of repair, and defendants Hutto and the Naval Stores Company conspired together and took possession of said sawmill, ousting plaintiffs from the possession thereof. Plaintiffs claim that they could and would, but for such acts of defendants, under their said contract have manufactured 10,000 feet of lumber and 1,000 staves per day during the term of their lease, at a clear profit of $16 per day; that plaintiffs' profits from the operation of the mill during the time of their lease under their contract with the Naval Stores Company would have been $2,000, and in addition thereto, from other sources, $1,400. For the loss of these profits and the $200 cash paid Hutto for the lease, plaintiffs sue. Defendants answered by general denial and specially alleged that plaintiffs, as part of the lease contract, assumed a certain contract then existing between Hutto and the Naval Stores Company for the manufacture of lumber and staves; that, for a few days after taking possession of the mill, plaintiffs undertook to perform this contract so assumed by them; but that on or about September 12th they failed and refused to proceed with or complete their said contract, and without cause abandoned and repudiated the same and refused to operate the mill, whereupon defendant Hutto took possession of the mill. The case was tried with the assistance of a jury; the trial resulting in a verdict and judgment for plaintiffs for $1,170.

The evidence is sufficient to authorize the following conclusions of fact which, following the verdict of the jury, we make. The contract was entered into between Hutto and appellees as alleged; the $200 consideration was paid in cash. It was no part of the contract between Hutto and appellees that they should assume his contract with the Naval Stores Company, but, on leasing the mill, they entered into an independent contract with the company as alleged. Appellees took possession under their lease and operated the mill for a few days, when the furnace got out of repair. Before it could be repaired, defendants, acting together,

took possession of the mill and ousted appellees. The Naval Stores Company had knowledge of the lease contract between appellees and Hutto.

[1, 2] Appellants requested the court to charge the jury, in substance, that appellees could only recover such damages as were reasonably certain in amount, and as to which the cause thereof was reasonably certain. The refusal to give this charge is complained of under the first assignment of error. The proposition stated under the assignment is: "The court erred in refusing to instruct the jury, as requested in said special instruction, that the damages, if any, that plaintiffs were entitled to recover should be limited to such as were the natural and proximate result of the breach of contract." It is a sufficient answer to this that no such charge was requested. The charge requested, and the refusal to give which is assigned as error, rested upon an entirely different proposition of law. The only statement under the proposition is that the court's charge failed to so instruct the jury, and a reference to the special charge set out in the assignment. The court is only requested to instruct the jury as to facts issuable under the pleadings and evidence. There being no reference in the statement as to the evidence upon the question presented, we are unable to determine whether the requested charge bore any relation to the issuable facts. At least enough of the evidence should have been briefly stated to show that such charge as that requested was necessary or proper to a proper determination of the issues presented by the pleadings and evidence. Rule 31, Courts of Civil Appeals Rules (142 S. W. xiii). In the absence of any reference to the evidence, we must assume, which appears to be very probable, that under the evidence there was no question that such damages as were suffered by appellees, if any, were the natural and reasonably certain result of the action of appellants, and that the charge of the court was sufficient on this issue. The court charged the jury that if they found the facts authorizing a recovery by appellees, stating them, they should "find in favor of plaintiffs damages, if any sustained by them, in an amount equal to the profits, if any, they would have made by operating the mill under the contract." No objection is made to the charge in so far as it authorizes a recovery of profits. For the reasons given, the assignment cannot properly be considered. If considered, it presents no merit and would be overruled.

[3] The charge requested and the refusal to give which is complained of by the second assignment of error, in so far as it was applicable to the issues made by the evidence, was substantially embraced in the court's charge. The case turned, under the evidence, upon the issue as to whether appellees, in connection with the lease contract, assumed the contract existing between Hutto and the Naval Stores Company. If they did, and refused to carry out this contract, it constituted a breach of the contract, in which case the jury was told plaintiffs could not recover. If appellees did not assume this contract, then, having paid $200 for the lease of the mill, they were under no obligation to Hutto to carry out his contract with the Naval Stores Company, or to continue to operate the mill, and such failure or refusal constituted no breach of their contract and would not justify appellants in taking possession of the mill and ousting appellees during the time of the lease. These issues were properly submitted to the jury. The second assignment of error is overruled.

[4] The appellant the Naval Stores Company could not justify its act by its belief that appellees had breached the contract with Hutto and abandoned the property. The action is for actual damages, and, knowing of the terms of the lease, it could not absolve itself from liability if it, in concert with Hutto, took possession of the mill, by a belief that appellees had breached their contract, if in fact they had not. The charge requested, referred to in the third assignment of error, was properly refused.

[5] The court did not err in charging the jury, in substance, that, if appellees did not assume the contract between Hutto and the Naval Stores Company, their failure to operate the mill did not authorize appellants to oust them and to take charge of the mill. If they did not assume this contract, they were not in any way, by the terms of their contract with Hutto, bound to operate the mill. They had paid cash for the use of it for the 3½ months, and had the right to let it lay idle if they chose, so far as Hutto was concerned. The undisputed evidence established the fact that appellants took possession of the mill about September 15th, and the only issues were as to their right to do so, depending upon whether appellees had breached their contract, and the amount of damages. The fourth assignment is without merit.

[6] The fifth, sixth, and seventh assignments, relating to the charge of the court on the question of damages, are, in substance, that the court failed to charge the jury as to the proper measure of damages. We are not required to consider either of these assignments, as there is no statement from the record from which we can determine whether any further charge than that given by the court was necessary or proper. At any rate, if appellants desired that the law on this point should have been more particularly stated, they should have requested a special charge to that effect.

[7] The eighth assignment of error complains that the verdict and judgment are

not supported by the evidence, which was insufficient and incompetent. It is submitted as a proposition and is followed by the following statement: "Statement of Facts, pp. 2 to 74." The assignment cannot be considered. It is too general, and the statement is insufficient. The assignment is nothing more than that the verdict and judgment are not supported by the evidence. It is unnecessary to multiply authorities to show that such an assignment is too general to require consideration. Wilson & Martin v. Lucas, 78 Tex. 294, 14 S. W. 690. There is no statement except reference to the charge itself to indicate that there was error in the charge as complained of in the ninth assignment of error. There does not appear to be any merit in the assignment.

We find no error requiring reversal, and the judgment is affirmed.

Affirmed.