GALVESTON, H. & S.A. RY. CO. v. WEBB.*
(No. 5575.)·

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1916. Rehearing Denied Feb. 9, 1916.)

1. MASTER AND SERVANT ⬥124—INJURIES TO SERVANT—SAFE PLACE TO WORK—DUTY OF INSPECTION.

Where a switchman was injured by jumping from a freight car on which he was working when it was derailed for the second time in a few minutes because of rigidity in the trucks which caused the wheels to mount the rails and leave the track, the master was liable, the rigidity of the trucks being such that, had there been inspection, it must have been discovered, so that, if there was inspection, it was negligent, or the defect was concealed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. ⬥124.]

2. MASTER AND SERVANT ⬥124—INJURIES TO SERVANT—SAFE PLACE TO WORK—DUTY OF INSPECTION.

In such case the fact that the car did not belong to the employer did not relieve him of the duty of inspection and, if a proper inspection would have disclosed the defect, the employer was still liable, where the car had been in his possession long enough to give opportunity for an inspection, and it was shown that some inspection was in fact made.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. ⬥124.]

3. MASTER AND SERVANT ⬥286—INJURIES TO SERVANT—LIABILITY OF MASTER—DUTY OF INSPECTION—QUESTION FOR JURY.

In such case it was a question for the jury whether the inspection was properly made.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ⬥286.]

4. MASTER AND SERVANT ⬥111—INJURIES TO SERVANT—"DEFECT" IN APPLIANCES.

The rigidity in trucks of a freight car which caused the wheels to mount the rails and the car to be derailed is a "defect," for failure to remedy which the master is liable for injury to a servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 215–217, 255; Dec. Dig. ⬥111.

For other definitions, see Words and Phrases, First and Second Series, Defect.]·

5. MASTER AND SERVANT ⬥265—INJURIES TO SERVANT—LIABILITY OF MASTER—ACTIONS—BURDEN OF PROOF.

Where a servant alleged injuries due to rigidity in the trucks of a freight car on which he was a switchman, which caused the car to leave the rails twice within a few minutes, it was unnecessary for him to show the cause of the defect, but it was sufficient to show that the truck was defective.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ⬥265.]

6. DAMAGES ⬥132 — PERSONAL INJURIES — EXCESSIVE DAMAGES.

Where the injuries of a switchman consisted of a bad heart, an erratic pulse, a wrecked nervous system, an injured spine, and a disordered stomach, bowels, kidneys, and bladder, the troubles being progressive, a verdict of $15,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. ⬥132.]

7. APPEAL AND ERROR ⬥1004—SCOPE OF REVIEW—FINDINGS OF FACTS.

In the absence of indicia of passion and prejudice, the verdict of the jury, based on evidence, cannot be disturbed by the court on appeal for excessiveness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. ⬥1004.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by James Ross Webb against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Templeton, Brooks, Napier & Ogden and Ed. W. Smith, all of San Antonio, for appellant. Perry J. Lewis, Randolph L. Carter, H. C. Carter, and Champe G. Carter, all of San Antonio, for appellee.

FLY, C. J. This is a suit for damages alleged to have arisen by a derailment which occurred through the negligence of appellant in furnishing a car for appellee to ride upon in discharge of his duty as switchman, which was defective, in that—

"the running gear, bolster, and trucks of said car were out of order and defective and would not operate properly; that at the time of said derailment the trucks of said car would not operate so as to permit the wheels to follow the rails, but for some reason, the exact nature of which the·plaintiff does not know, the said trucks were caught and held too rigidly, and therefore the wheels would not adjust themselves and follow the rails, and the wheels of said trucks therefore left the rails."

Other grounds of negligence were pleaded, but were not submitted to the jury, and therefore do not require mention. Appellant admitted derailment of the car on which appellee was riding, but denied that he was injured and that the car was defective as alleged and any negligence in connection therewith. The cause was tried by jury, resulting in a verdict and judgment for appellee in the sum of $15,000.

[1] The evidence showed that appellee was a switchman in the employ of appellant, and was foreman of the crew handling the engine and the derailed and other cars; that the car derailed did not belong to appellant, but was the property of the Lone Star Brewing Association, and was received by appellant from the Missouri, Kansas & Texas Rail-

---

way Company 2 or 3 hours before the derailment occurred. The car was defective in its truck to such an extent that the wheels would not follow the rails, and while being moved by appellant it left the track, and appellee, fearing disaster, jumped from the car, and, according to the testimony of doctors, was injured materially and permanently. The trucks were too rigid to allow the wheels to adjust themselves to the track, and a proper inspection would have disclosed the defect to appellant. Appellee and Freeman testified positively that the trucks were rigid and the wheels would not take curves, but would mount the rails and then jump the track. The car was derailed twice in 30 or 40 minutes. Appellant introduced no testimony to show that the trucks were not rigid as alleged. If there was a proper inspection of the car, as claimed by appellant, the rigidity of the trucks must necessarily have been discovered. It was either discovered and the facts suppressed, or there was negligence in the inspection. In either event appellant is liable. The jury found that the defect was not latent. The rigidity of the trucks undoubtedly caused the accident, and the evidence showed that a proper inspection would have revealed the defect. The first, second, and third assignments of error are overruled.

[2] The fact that the car did not belong to appellant did not relieve appellant of the duty of inspection, and, if a proper inspection would have disclosed the defect in the trucks, appellant would not be relieved of liability for damages arising from such defect. There was no testimony offered by appellant tending to show a latent defect, but the facts clearly evidence that a proper inspection would have disclosed the condition of the trucks. The duty of inspection was just as obligatory upon appellant as to a car not owned by it, but in its possession, as in regard to its own cars. This rule is well established in Texas. Railway v. White, 76 Tex. 102, 13 S. W. 65, 18 Am. St. Rep. 33; Railway v. Kernan, 78 Tex. 294, 14 S. W. 668, 9 L. R. A. 703, 22 Am. St. Rep. 52; Railway v. Chambers, 17 Tex. Civ. App. 487, 43 S. W. 1090; Railway v. Parish, 93 S. W. 683. The car had been in the possession and under the control of appellant long enough to give opportunity for an inspection, and, in fact, it was shown that some sort of inspection was made.

[3] It was a question of fact for a jury as to whether the inspection was properly made or not, and the evidence justified a finding that the inspection was negligently made. It would seem that a defect that was so bad that it would derail a car twice in the distance of a mile or so was so apparent that any kind of an inspection would have disclosed it. The charge placed the matter fairly and squarely before the jury, and there was evidence to sustain the verdict.

[4] It is useless to argue that such rigidity in trucks beneath a car as will cause the wheels to mount the rails in such a manner as to derail the car is not a defect in the trucks. The very fact that the trucks prevented the wheels from remaining on the track showed in no uncertain manner that the trucks were out of order, imperfect, or defective. The fact that the trucks derail a car twice in a few minutes leads to the irresistible conclusion that they are defective.

[5] It did not devolve upon appellee, as appellant seems to think, to show what caused the rigidity in the trucks, but he had met his allegations when he showed the trucks were rigid. The trucks were shown to be rigid to such an extent as to cause derailment, they should not have been in such rigid condition, and, if any reason for such rigidity existed, appellant might have shown it. Certainly appellee was not called upon to show the cause of a defect in the instrumentalities furnished him by appellant. There is no escape from the proposition that the trucks were rigid, that perfect or safe trucks are not in that condition, and therefore the trucks were defective.

The court gave the law pertinent to the issues, and it was not error to refuse the special charges requested by appellant. There was no evidence tending to show that the defect in the trucks was latent, but it appears from the testimony that a reasonably careful inspection would have revealed the defect. The evidence shows a very cursory inspection of the car. The eighth, ninth, and tenth assignments of error are overruled.

[6, 7] If the evidence of appellee and the doctors offered by him is to be credited, he is in a terrible condition as a result of his injuries received in jumping from the defective car. The jury credited the witnesses and based a very heavy verdict on their evidence, and this court is compelled to follow that verdict in the absence of any indicia of passion and prejudice. According to the medical testimony, appellee has a bad heart, an erratic pulse, a wrecked nervous system, an injured spine, disordered stomach, bowels, kidneys, and bladder, and the troubles are progressive. If this be true, he is a physical wreck, and the damages accorded him cannot be held by this court to be excessive.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes