GALVESTON, H. & S. A. RY. CO. v. MOSES.*
(No. 5607.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 23, 1916. Rehearing Denied March 22, 1916.)

1. APPEAL AND ERROR ☞994(2)—REVIEW—QUESTIONS OF FACT.

In a railway employé's action for injuries, where there was testimony to support the allegations that bolts in the bolsters of a car were improperly placed, or had become loose so as to slip down and catch on the lower beam or bolster holding the trucks rigid so they would not adjust themselves to curves, but would run off the track, it was for the jury, and not for an appellate court, to pass upon the credibility of the witnesses testifying to this effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3902, 3903; Dec. Dig. ☞ 994(2).]

2. MASTER AND SERVANT ☞111(1)—LIABILITY FOR INJURIES — "DEFECT" IN APPLIANCES.

Where bolts in the bolsters of a railway car were improperly placed, or had become loose so as to slip down and catch on a lower beam or bolster, making the trucks rigid so that they would not adjust themselves to curves, and causing them to leave the track, the rigidity so caused was a "defect" in the car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 215; Dec. Dig. ☞ 111(1).

For other definitions, see Words and Phrases, First and Second Series, Defect.]

3. MASTER AND SERVANT ☞124(10)—LIABILITY FOR INJURIES—NEGLIGENT INSPECTION.

It was not the law that a railway company was not liable for injuries to an employé caused by a derailment, if its inspectors who inspected the train failed to discover the defect in the car, causing the derailment, though the car was not its own, and the court properly refused to so charge, as a railroad company has no more

right to endanger the lives and limbs of its employés with defective foreign rolling stock than with its own when using such foreign cars.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 242; Dec. Dig. ☞124(10).]

4. TRIAL ☞260(1)—INSTRUCTIONS COVERED BY THOSE GIVEN.

A requested instruction, fully covered in one given, was properly refused, especially where the one given came nearer being the law than the one refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ☞260(1).]

5. TRIAL ☞194(1)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

A requested instruction, which was on the weight of the evidence, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439, 440, 450; Dec. Dig. ☞194(1).]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by A. N. Moses against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Ogden and Ed W. Smith, all of San Antonio, for appellant. D. Fred Worth and John Sehorn, both of San Antonio, for appellee.

CARL, J. Appellee sued appellant for personal injuries inflicted on him by reason of the derailment of a car, No. 127, belonging to the Lone Star Brewing Association. The derailment occurred on the switch or track which runs from appellant's east yards in the city of San Antonio to the brewery between Burleson and Lamar streets. The alleged defects in the car and grounds of negligence will fairly appear from the following paragraph, No. 4, of the plaintiff's petition:

"That the bolster, trucks, center bearings, side bearings, wheels, axles and all the running gear of said car were out of order and defective, and would not operate and perform the functions of said parts and running gear properly, and by reason of the said defective condition of the said parts and the running gear the trucks of the said car would not operate so as to permit the wheels of said car to follow and remain on the rails, but the said trucks of the said car were caught and held too rigidly, and as a consequence thereof the wheels of said trucks were prevented from adjusting themselves to suit the different conditions and changes in the curvature and elevation of the track, rails, and switches at the point where the said derailment occurred, and were prevented from following and remaining on the rails, and the said wheels were thereby caused to leave the rails and become derailed; that the defendant was negligent in permitting this condition, and in operating said car while in such defective condition, which said negligence caused, and directly contributed to produce and cause said derailment and plaintiff's injuries. Plaintiff alleges that he cannot more specifically describe the defects which caused the said derailment than as above set out."

The petition charges that within a day or so before this accident this car was derailed, which was notice to appellant of its defective condition, and, notwithstanding such notice, appellant continued to operate said car. An ordinance of the city of San Antonio was pleaded which prohibits the running of cars to exceed 10 miles per hour, and it is alleged that this train was being operated at 15 to 17 miles per hour, at the time of the derailment, in violation of such city ordinance. Plaintiff alleges that he was on top of said car at the time of the derailment, and was thrown and caused to fall with great violence upon and about the top of said car and against the running board, and his back, sides, spine, and spinal cord were severely shocked and injured; that his nervous system suffered shock and injury; that by reason thereof his heart action had been greatly impaired and made weak; that his kidneys and bladder and vocal organs were seriously affected; and his general health and physical condition have been permanently impaired and broken down, etc. The petition avers that the plaintiff cannot more specifically set forth the defects in the car, but that such facts are peculiarly within the knowledge of the defendant company. His injuries are alleged to be permanent. The defendant, among other things, alleges that the injuries were the result simply of an accident; that the defects in the car, if any, were latent, and proper inspection had been made, all of which was denied by appellee. The verdict rendered by the jury was for $8,000, and judgment was in accord therewith.

[1] The first assignment of error is that the verdict is contrary to the law and the evidence, it being set out in detail wherein appellant contends that this is true. In a large part of the statement and in the argument, appellant seeks to show that the evidence produced by appellee is untrue; but the fact remains that there is testimony to support the allegations of the petition, certainly on the proposition that the bolts in the bolsters were improperly placed or had become loose so as to permit them to slip down and catch on the lower beam or bolster. And the evidence is that when this happened such bolts would hold the trucks rigid so that they would not turn and adjust themselves to the curve in the track. Instead of adjusting themselves to the curve of the track, the trucks remained straight, and therefore would run off the track. There seems to be little or no difference of opinion that this would be the natural result, the only difference being, on that point, as to whether the bolts were properly in place. Not only the plaintiff, but another witness, testified that these bolts were not in place. It is true that there was much testimony to the contrary; but appellant must know that it is not the function of this court to pass upon the credibility of witnesses, when by law

that duty is placed upon juries. The first assignment is overruled.

[2] We do not think that the fourth paragraph of the court's charge is subject to the criticism urged. As we understand the objection, it is based upon the idea that the rigidity caused by the bolts dropping down was not a defect in the car. We have already held, in substance, that such was a defect in the car, in G., H. & S. A. Ry. Co. v. Webb, 182 S. W. 424, recently decided by us and not yet officially reported, in which case the injuries grew out of the same derailment. The evidence supports the finding that the defect in the bolsters caused the injury. The second assignment is overruled, as is also the third.

[3] There was no error in the court refusing to give appellant's requested special charge No. 7, because to have given the same would have been equivalent to charging the jury that if there were defects in the car which were not actually discovered by appellant's inspectors, the verdict should be for defendant. The suggested charge starts out on the hypothesis that the inspectors were not required to inspect the car at all; but in fact they say they did inspect the whole train of about nine cars in about 30 minutes. Then the proposed charge concludes:

"And, even if you should find that there was a defect in the construction of this car in respect to the side bearings in question, and that this was the cause of the alleged derailment, but that such defect was not noticed or observed by defendant's said inspectors, then plaintiff is not entitled to recover, and you should return a verdict for the defendant."

We do not understand this to be the law. A railroad company has no more right to endanger the lives and limbs of its employés with defective foreign rolling stock than it has with its own, when it is using such foreign cars. The fourth assignment is overruled.

The duty of inspection was fully covered in the fifth paragraph of the charge given, and in special charge No. 12, so far as it was necessary to charge on that subject, and it was not error to refuse to give appellant's special charge No. 8, requested. It was not the law. The fifth and sixth assignments are overruled.

[4] The matter asked for in the defendant's requested special charge No. 10 was fully covered in appellant's special charge No. 12, which was given, and the one so given came nearer being the law than the one refused did. The seventh assignment is overruled, and the eighth as well.

[5] The ninth assignment complains of the refusal by the court to give appellant's requested special charge No. 13, which is subject to the objection, heretofore mentioned, that it assumes that the trucks becoming rigid would not constitute a defect. The requested charge was on the weight of the evidence. The assignment is overruled.

There is sufficient evidence to sustain the verdict, which, considering plaintiff's testimony and that of the medical fraternity participating in the trial, we cannot say is excessive.

Judgment affirmed.